[Department Two. — November 1, 1883.]

RIEKE HIRSHBERG, ADMINISTRATRIX OF THE ESTATE OF SAMUEL HIRSHBERG, DECEASED, RESPONDENT, *v.* LEVI STRAUSS ET AL., APPELLANTS.

INSTRUCTIONS — EXEMPLARY DAMAGES. — In an action for damages for the wrongful taking of property, it is error to instruct the jury that they may give exemplary damages if they find that the taking was wanton or malicious, when there is no evidence that the taking was of that character.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial.

The facts appear in the opinion of the court.

*Napthaly Friedenrich & Ackerman,* for Appellants.

*Jas. C. Martin,* and *Wm. H. & J. R. Glascock,* for Respondent.

PER CURIAM. — In this case, which was an action against the sheriff and attaching creditors of David S. Hirshberg to recover damages for maliciously levying an attachment on certain goods, the property of plaintiff's intestate, Samuel Hirshberg, the court charged the jury, among other matters, as follows: —

"In addition to the actual value, you have a right to give exemplary damages, if the proof satisfies you that the goods were wantonly or maliciously taken from the plaintiff, and on this subject I charge you that if you find that the plaintiff, before any action taken by the defendants, purchased the property from David S. Hirshberg and others in good faith and for a valuable consideration, and immediately took possession of the same in his own right, and held such possession down to the time of said taking by defendant, such possession being immediate and continuous, then the presumption is that the plaintiff was the owner of said property, and the taking by defendant against his will was wrongful, and the plaintiff would be entitled to recover damages for the value of the goods at the time when they were taken, and interest from that date to this time; and if you believe the act of taking was wanton or malicious, you may also add exemplary damages, as before stated."

There was no evidence of any character to justify the court in submitting to the jury any question relating to exemplary damages. On this point the charge was entirely abstract, and was calculated to mislead the jury.

It may be urged that the jury was not misled, or at all influenced by this direction, and that the error was without injury. But this is not apparent. On the contrary, the jury might well upon the evidence have found a verdict much smaller in amount, and therefore we cannot say that the verdict was not enhanced in amount by the direction in regard to exemplary damages.

For this error the judgment and order are reversed and the cause remanded for a new trial.

Hearing in Bank denied.