[Civ. No. 678.   Second Appellate District.—July 21, 1909.]

## FRED E. POTTS, Appellant, v. H. E. KNERR, Respondent.

NEGLIGENCE—MASTER AND SERVANT—FAILURE OF MASTER TO FURNISH SAFE LADDER—FOREMAN REPRESENTATIVE OF MASTER.—In an action by a plasterer employed by the defendant, who agreed to furnish him ladders and scaffolding necessary for his work, for injury caused by an insecure ladder negligently furnished to him as an unsafe appliance, which broke with his weight, where it appears that such ladder was furnished to him by defendant's foreman, that it had been improperly constructed, and weakened by repairs, and was so covered with mortar and dirt that its real condition could not ·be discovered without a minute examination, which the foreman negligently failed to make, the foreman, in furnishing such unsafe appliance, acted as the representative of the master, and not as a fellow-servant of the plaintiff.

ID.—NEGLIGENCE OF FELLOW-SERVANT NOT IN ISSUE—IMPROPER INSTRUCTION—PREJUDICIAL ERROR.—There being neither any issue nor any

11 Cal. App.—7

evidence as to the negligence of the foreman as a fellow-servant of the plaintiff, it was prejudicial error to instruct the jury on the theory that the negligence of the foreman of the defendant in furnishing such insecure ladder to the plaintiff was the negligence of a fellow-servant of the plaintiff, for which the master was not responsible, whereby the jury were misled and improperly influenced to find for the defendant, and against the plaintiff, there being no other instructions modifying such error.

Id.—Abstract Instructions Disconnected with Case.—Abstract instructions upon questions of law disconnected with the case must be deemed prejudicially erroneous if calculated to mislead the jury.

Id.—Instruction Too Broad —Elimination of Responsibility of Master for Action of Servant as Vice-principal.—A general instruction which is too broad, and which eliminates the element of responsibility on account of the action of a fellow-servant who is intrusted with duties which the law enjoins upon the master, and in the performance of which the servant is a vice-principal, is misleading to the jury under the evidence in the case.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Sidney J. Parsons, and O. P. Widaman, for Appellant.

M. E. C. Munday, for Respondent.

ALLEN, P. J.—The action was one brought by a servant against a master on account of personal injuries alleged to have been occasioned by the negligence of the latter. Plaintiff, a plasterer, was engaged by defendant to perform work as plasterer and to superintend the work of plastering a schoolhouse, for the construction of which defendant had entered into a contract. The general work of the construction was under the supervision of one Hunter, the foreman employed by defendant. Defendant, when he employed plaintiff, agreed to furnish ladders and scaffolding necessary in the prosecution of the work. Hunter, as foreman, directed the immediate performance by plaintiff of certain plastering work, and directed him to use a certain ladder then on the lower floor of the building, and one of the appliances used.

in the work of construction and the only ladder in use on the lower floor. This ladder had originally been made a month or so before under the direction of the foreman, and had it been properly constructed upon the lines intended would have carried a weight of more than four hundred pounds. The workmen who constructed this ladder used what is known as finishing nails in the supporting part thereof, the upper part of which support broke with the weight of plaintiff thereon and caused the injury. This ladder had been repaired a number of times and had been nailed and renailed until the timbers had become weakened, and through use it had become covered with mortar and dirt, and its real conditions could not be ascertained except by a minute examination. The foreman never inspected the ladder after its construction or repair in order to determine its efficiency or condition. Plaintiff, a man weighing two hundred pounds, acting under the instructions of the foreman, ascended the ladder so provided for the purpose of doing some work, and when he had reached the top the ladder collapsed, and as a consequence plaintiff was thrown to the floor and upon timbers, the effect of which was to break his arm near a joint and strain certain ligaments. The proximity of this fracture to a joint rendered it difficult to treat, and occasioned a partial loss of the use of the arm, not permanent, but of a serious character.

The primary and controlling question involved in the case, under the issues presented by the pleadings, was as to the discharge of the master's duty in providing reasonably safe appliances connected with the work of the servants. There was no claim under the issues presented, nor was there any evidence offered tending to show that the injury was in any manner the result of an act, either of omission or commission, upon the part of a fellow-servant. Notwithstanding this the court, at the instance of the defendant, charged the jury: "An employer is not bound to indemnify an employee for damages which the employee sustains in consequence of the negligence of a fellow-employee employed by the same employer in the same general business. The law of this state respecting the negligence of a fellow-servant where there is no want of ordinary care upon the part of the employer recog-

nizes no distinction growing out of the grades of employment of the respective employees; nor does it give effect to the circumstance that the fellow-servant through whose negligence the injury was received was the superior of the plaintiff, in the general service in which they were employed. If both were employed in the general service working to the general end in the construction of the building, then they were fellow-servants and the master is not liable for the negligence of one which injures the other.'' Under voluminous instructions, of which this formed a part, unmodified or unaffected by other independent instructions, the jury returned a verdict in defendant's favor. The evidence in the record is such that a charitable view of the action of the jury must lead to the conclusion that it was misled and improperly influenced by the charge above specified. The jury must have assumed that such charge was a suggestion or declaration that the plaintiff could not recover if the ladder had been constructed by a fellow-servant, or that the foreman, who supplied the ladder, should be viewed and regarded as a fellow-servant in the discharge of his duty in connection therewith. There was no evidence of any character to justify the court in submitting to the jury any question relating to the liability of the defendant on account of the act of a fellow-servant. Whatever was done by the foreman in relation to supplying the appliances necessary in the prosecution of the work was done by the foreman as the representative of defendant. In so far as the charge above given stated abstract questions of law disconnected with the case, if the same were calculated to mislead the jury, prejudicial error resulted. (*Hirshberg* v. *Strauss,* 64 Cal. 272, [28 Pac. 235].) In addition, however, the general statement in the last paragraph of the charge is too broad, eliminating, as it does, the element of responsibility on account of the action of a fellow-servant who is intrusted with duties which the law enjoins upon the master and in the performance of which the servant is a vice-principal. It is evident from the verdict under the evidence that the jury were misled by the charge above set forth.

We refrain from commenting upon the conflict in other instructions appearing in the record and to which exceptions were taken, there being no reason to apprehend a repetition

thereof in a subsequent hearing under the issues presented by the pleadings.

The judgment and order are reversed and cause remanded for a new trial.

Shaw, J., and Taggart, J., concurred.