## CHARLES EDWARD MITCHELL, Appellant, v. STATE OF NEVADA, Respondent.

### No. 8837

August 4, 1976                    552 P.2d 1378

*Theodore J. Manos,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Chief Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

The appellant, Charles Edward Mitchell, requests this court to vacate his conviction for robbery, contending the evidence presented at trial was insufficient to support the jury's verdict. We reject the contention.

The victim's description of the assailant led to Mitchell's arrest within thirty (30) minutes after the robbery occurred. The unchallenged search of Mitchell produced several items of the victim's property. At trial, the victim identified a shirt owned by Mitchell as being the one he was wearing at the time of the robbery.

"Recent, exclusive and unexplained possession of stolen property by an accused person gives rise to an inference of guilt which may be sufficient to convict in the absence of other

facts and circumstances which leave a reasonable doubt in the minds of the jury." Staab v. State, 90 Nev. 347, 350, 526 P.2d 338, 340 (1974).

Additionally, there was a considerable amount of circumstantial evidence presented against Mitchell. Such evidence was admissible and the jury was authorized to base its verdict on such evidence. Bails v. State, 92 Nev. 95, 545 P.2d 1155 (1976); O'Brien v. State, 88 Nev. 488, 500 P.2d 693 (1972).

Where there is substantial evidence to support a verdict in a criminal case, as the record indicates exists in this case, the reviewing court will neither disturb the verdict, nor set aside the judgment. Sanders v. State, 90 Nev. 433, 529 P.2d 206 (1974).

Affirmed.