JAMES DARNELL, Appellant, v. STATE
OF NEVADA, Respondent.

No. 8663

December 21, 1976                   558 P.2d 624

[Rehearing denied January 27, 1977]

*David Hamilton,* Reno, for Appellant.

*Robert List,* Attorney General, Carson City, *Larry Hicks,* District Attorney, Washoe County, and *Calvin R. Dunlap,* Deputy, for Respondent.

## OPINION

*Per Curiam:*

Convicted by jury verdict of attempted possession of stolen property, appellant contends: (1) a legal impossibility to commission of the crime precludes conviction; (2) the admission of evidence of prior criminal conduct was improper; and, (3) the evidence was insufficient to support the verdict. We disagree.

Joseph Latour was arrested in Sparks, Nevada, on several charges of burglary. Upon interrogation, Latour admitted the burglaries, led the police to the stolen firearms, and further admitted he had previously sold stolen firearms to appellant, a Reno police officer. Subsequently, while working for the police, Latour sold the recaptured firearms to appellant, who, believing they were stolen, took them to the police station and placed them in a private vehicle rather than in the police evidence locker.

1. Appellant contends that, since the firearms had been recaptured by the police, they were no longer stolen, and thus, it would be legally impossible to commit the crime of receiving stolen property. Therefore, he argues, since it is legally impossible to commit the crime, it must also be legally impossible to attempt the crime.

While jurisdictions have been in conflict as to whether impossibility bars prosecution for charges of attempt, we believe the better rule is that it does not.[1] The hypothesis of the rule we now adopt is that, even though the actual commission of the substantive crime is impossible because of circumstances

---

[1] Accord: People v. Rojas, 358 P.2d 921 (Cal. 1961); State v. Carner, 541 P.2d 947 (Ariz.App. 1975); State v. Korelis, 537 P.2d 136 (Or.App. 1975), aff'd, 541 P.2d 468 (Or. 1975); N.Y. Penal Law § 110.10 (McKinney 1975); Model Penal Code § 5.01, Comment (Tent. Draft No. 10, 1960); Anno., 85 A.L.R.2d 259 (1962). The Model Penal Code completely eliminates such defenses.

Generally, jurisdictions which previously held otherwise have relied on People v. Jaffe, 78 N.E. 169 (N.Y. 1906), the continued vitality of which has been suspect since the 1965 enactment of N.Y. Penal Law § 110.10 (McKinney 1975), and the decision in People v. Bel Air Equipment Corporation, 360 N.Y.S.2d 465 (App.Div. 1974).

unknown to the defendant, he is guilty of an attempt if he has the specific intent to commit the substantive offense, and under the circumstances, as he reasonably sees them, he does the acts necessary to consummate what would be the attempted crime. It is only when the results intended by the actor, if they happened as envisaged by him, would fail to consummate a crime, then and only then, would his actions fail to constitute an attempt. People v. Rojas, 358 P.2d 921 (Cal. 1961).

We decline to concern ourselves with the niceties of distinction between physical and legal impossibility; rather, we choose to focus our attention on the question of the specific intent to commit the substantive offense.

An attempt requires only that the appellant have an intent to commit the crime and that he take a direct but ineffectual act toward the commission of the crime. NRS 208.070; Johnson v. Sheriff, 91 Nev. 161, 532 P.2d 1037 (1975). Here, the evidence clearly indicates that appellant intended to and did receive goods he thought were stolen. The fact that the firearms had lost their "stolen" status was an extrinsic fact unknown to appellant and does not vitiate the criminality of the attempt. See: People v. Rojas, cited above; State v. Vitale, 530 P.2d 394 (Ariz.App. 1975); Lupo v. Superior Court of Los Angeles County, 110 Cal.Rptr. 185 (Cal.App. 1973).

2. Appellant next contends the district court erred by admitting evidence concerning appellant's prior criminal conduct. However, such evidence was offered for the limited purpose of showing appellant's criminal intent and, thus, was relevant and admissible. See: Richardson v. State, 91 Nev. 266, 534 P.2d 913 (1975); Wallace v. State, 77 Nev. 123, 359 P.2d 749 (1961); cf. State v. Carner, 541 P.2d 947 (Ariz. App. 1975).

3. Finally, appellant contends the evidence adduced at trial was insufficient to support the verdict. We find the verdict supported by substantial evidence and, thus, it will not be disturbed. Mitchell v. State, 92 Nev. 458, 552 P.2d 1378 (1976).

Other issues raised by appellant are either not supported by relevant authority or without merit and we need not consider them. Jacobs v. State, 91 Nev. 155, 532 P.2d 1034 (1975).

Insofar as this opinion is in conflict with our decision in State

v. Charley Lung, 21 Nev. 209, 28 P. 235 (1891), and its progeny, such portion of that case must be and is hereby overruled.

Affirmed.