MONTE GLENN COFFMAN, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 8227

February 3, 1977                    559 P.2d 828

[Rehearing denied March 9, 1977]

*Harry E. Claiborne,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,*
District Attorney, and *Kathleen M. Wall,* Deputy District
Attorney, Washoe County, for Respondent.

## O P I N I O N

*Per Curiam:*

Convicted by jury of swindling in violation of NRS 465.070, appellant contends (1) his conduct did not violate the statute, (2) the trial court erred by admitting evidence of a prior offense, and (3) the trial court erred by admitting a photograph into evidence.[1] We disagree.

A Harrah's game observer saw appellant playing a $5 token slot machine by inserting the token, pulling the handle about two-thirds of the way down then up, and then coming down on the handle with all his weight with both hands. Because such action can damage the ratchet dog pin, the mechanism which prevents a player from having control over the machine's reels, the game observer reported this conduct to his supervisor. Harrah's security personnel detained and questioned appellant at which time he gave a false name and address. A slot machine mechanic checked the machine and found the ratchet dog pin sheared thereby permitting a player to cheat the machine by walking the reels to line up pay-offs.

1. Appellant contends his conduct does not fall within the

---

[1]NRS 465.070 provides:

"1. Every person who, by color, or aid of any trick of sleight-of-hand performance, or by any fraud or fraudulent scheme, cards, dice or device, shall win for himself or for another any money or property, or representative of either, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years, or by a fine of not more than $5,000, or by both fine and imprisonment.

"2. Every person who shall entice or induce another, upon any pretense, to go to any place where any gambling game, scheme or device, or any trick, sleight-of-hand performance, fraud or fraudulent scheme, cards, dice or device is being conducted or operated; or while in such place shall entice or induce another to bet, wager or hazard any money or property, or representative of either, upon any such game, scheme, device, trick, sleight-of-hand performance, fraud or fraudulent scheme, cards, dice or device, or to execute any obligation for the payment of money, or delivery of property, or to lose, advance, or loan any money or property, or representative of either, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years, or by a fine of not more than $5,000, or by both fine and imprisonment."

purview of NRS 465.070 because the evidence "wholly" failed to establish that he won any money. As appellant acknowledges, we will not disturb a judgment of conviction if supported by substantial evidence. Mitchell v. State, 92 Nev. 458, 552 P.2d 1378 (1976); Crawford v. State, 92 Nev. 456, 552 P.2d 1378 (1976). Here, the state's principal witness testified he observed appellant walk the machine's reels and line up three plums on the pay line whereupon the machine paid off. This clearly brings appellant within the ambit of NRS 465.-070.

2. To rebut appellant's testimony that he had never "walked" a slot machine, two witnesses were permitted to testify they had observed appellant walking the reels of a machine on a previous occasion. The trial court allowed the testimony to show ". . . proof of notice, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident" pursuant to NRS 48.045(2).[2] Even assuming the trial court erred in admitting the testimony, we find no reversible error because the evidence of appellant's guilt is overwhelming. Hendee v. State, 92 Nev. 669, 557 P.2d 275 (1976); Jacobs v. State, 91 Nev. 155, 532 P.2d 1034 (1975).

3. Finally, appellant contends he was somehow prejudiced by the admission of his wife's photograph into evidence. However, the photograph is not included in the record, and thus, we will not consider appellant's contention. Powers v. Johnson, 92 Nev. 609, 555 P.2d 1235 (1976).

---

[2]NRS 48.045(2) provides:

"2. Evidence or other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."