LEROY JAMES JONES, APPELLANT, *v.* THE
STATE OF NEVADA, RESPONDENT.

No. 10258

February 28, 1979                                        591 P.2d 263

*Morgan D. Harris,* Public Defender, and *Victor Austin,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Douglas Clark,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted, upon a jury verdict, of robbery (NRS 200.380). At trial, appellant admitted his presence at the scene of the beating and robbery of the elderly male victim, but contended that he had been attempting to protect the victim from a second assailant. Appellant's version of these events was contradicted by the testimony of the victim, and the testimony of the two police officers who had witnessed a part of the robbery and who had apprehended the appellant in a nearby bar almost immediately after the crime had been committed.

1. Appellant first contends that the trial court erred in admitting, over a hearsay objection, the victim's identification of appellant, upon seeing him emerge from the bar, as the individual who had robbed him. This contention is meritless. The statement was one of identification, made by the victim soon after perceiving appellant. The declarant testified at trial, and was subject to cross-examination concerning the statement. As the court below correctly ruled, the statement falls within the identification exception to the statutory definition of hearsay, NRS 51.035(2)(c).[1]

2. Appellant's contention that certain statements made by him were admitted in violation of Miranda v. Arizona, 384 U.S. 436 (1966), is also without merit. Appellant claims that certain statements made to a police officer, after *Miranda* warnings had been given, should have been excluded because some of the same information may have been imparted to the officer prior to the warning, citing Wong Sun v. United States, 371 U.S. 471 (1963). First, we note that the high court has not held *Wong Sun* applicable to the *Miranda* situation. *See* 46 L.Ed.2d 903, § 14 (1977). Second, we note that the trial court did not find that any specific statements were given by appellant prior to *Miranda* warnings. And third, we conclude that even if the appellant's view of the evidence were correct, it would not support an inference that the information elicited after the warnings had been given was obtained "by exploitation of [the primary] illegality." Wong Sun v. United States, *supra,* 371 U.S. at 488. *See also* United States v. Wade, 388 U.S. 218, 241 (1967).

Appellant also raises certain objections regarding his right to have his questioning cease. The record reveals that appellant was fully aware of this right, and that the trial court correctly applied the principles enunciated in Michigan v. Mosley, 423 U.S. 96 (1975), to ensure that his right to cut off questioning was "scrupulously honored". 423 U.S. at 104.

---

[1]NRS 51.035 provides, in pertinent part:

" 'Hearsay' means a statement offered in evidence to prove the truth of the matter asserted unless:

. . . .

"2. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:

. . . .

"(c) One of identification of a person made soon after perceiving him. . . ."

3. We also summarily reject appellant's contention that his conviction was not supported by substantial evidence in the record. Dearman v. State, 93 Nev. 364, 566 P.2d 407 (1977); Coffman v. State, 93 Nev. 32, 559 P.2d 828 (1977).

The judgment of conviction is therefore affirmed.