JAMES J. DARNELL, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 12775

December 9, 1982 · 654 P.2d 1009

---

[Rehearing denied February 24, 1983]

*David Hamilton,* Reno, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *Edward B. Horn,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

Darnell appeals from a denial of his petition for writ of habeas corpus, or in the alternative, for post-conviction relief.

Appellant, a Reno police officer, was convicted by jury verdict of attempted possession of stolen firearms, sold to him by a police informant. On direct appeal from that conviction, Darnell contended that it was legally impossible to commit the crime of attempted possession of stolen property, when the guns in question were not, in fact, stolen at the time of the incident, but had been recaptured by police. Darnell v. State, 92 Nev. 680, 558 P.2d 624 (1976). We rejected that contention, finding that "[a]n attempt requires only that the appellant have

an intent to commit the crime and that he take a direct but ineffectual act toward the commission of the crime. NRS 208.070 . . . ." *Id.* at 682, 558 P.2d at 625-626. In a petition for rehearing, appellant contended that because the *Darnell* decision overturned the earlier case of State v. Charley Lung, 21 Nev. 209, 28 P. 235 (1891),[1] that decision resulted in *ex post facto* criminality, in violation of his due process guarantees.

Appellant then sought habeas corpus relief in federal court based, in part, on the *ex post facto* considerations. In the federal proceedings, the state claimed that the pertinent language in State v. Charley Lung was merely *obiter dicta*. The state reasoned that because the *Lung* case was without precedential value, our decision in Darnell v. State had no *ex post facto* effect. The United States District Court for Nevada, finding state remedies not exhausted, transferred the federal file to this court, which we accepted as an original application for writ of habeas corpus. We determined that Darnell v. State, *supra,* did not result in *ex post facto* criminality and agreed with the state that the language in State v. Charley Lung relating to legal impossibility was *obiter dicta*. Appellant again sought federal habeas corpus relief, contending, for the first time, that if the passage in State v. Charley Lung was merely dicta, then NRS 1.030 required that the common law be regarded as the law extant prior to Darnell v. State, when appellant's conduct occurred. The common law recognized legal impossibility as a defense to an attempted crime. *See, e.g.,* Booth v. State, 398 P.2d 863 (Okla.Cr. 1964). Thus, appellant contended, State v. Darnell still represented a change in the law, and if applied retroactively to him, would constitute an impermissible *ex post facto* ruling. The United States District Court for Nevada and the Ninth Circuit Court of Appeals dismissed appellant's petition, finding that the "common law precedent" argument was a new theory, resulting in a failure to exhaust state remedies. Appellant now asks us to consider his second petition for post-conviction relief, based primarily on the common law precedent argument.

Successive post-conviction applications need not be considered by this court unless the petitioner satisfactorily demonstrates in the latter petition why he failed to raise the issue in the former application. Rogers v. Warden, 86 Nev. 359, 468

---

[1]In State v. Lung, *supra,* the court stated:

[A]n attempt to commit a crime can only be made under circumstances which, had the attempt succeeded, would have constituted the entire substantive offense . . . .

21 Nev. at 213, 28 P. at 236.

P.2d 993, *cert. denied,* 400 U.S. 846 (1970). *See also,* Dromiack v. Warden, 96 Nev. 269, 607 P.2d 1145 (1980). Appellant offers no satisfactory reason for failing to raise the common law precedent theory in the first habeas corpus petition brought before us in 1977. At that time, the state had already made its argument in federal court that State v. Charley Lung was of no precedential value, yet appellant made no attempt to file briefs with this court or request oral argument to support his petition. As we stated in Rogers v. Warden, "[c]riminal appeals must be given finality." *Id.* at 362, 468 P.2d at 994. The litigation which has ensued since Darnell's conviction reflects a piecemeal approach to resolving the *ex post facto* issue; precisely the ill Rogers v. Warden sought to eliminate. Therefore, we decline to entertain appellant's latest argument in support of post-conviction relief.

We have also examined appellant's remaining arguments and find them to be without merit.

We affirm the decision of the trial court.

STEFFEN and MOWBRAY, JJ., concur.

SPRINGER, J., with whom GUNDERSON, C. J., concurs, dissenting:

In my opinion substantial constitutional questions are presented in this appeal. These issues should be decided and not dismissed on the stated procedural grounds; therefore I dissent.