**James Joseph DARNELL, Plaintiff**

v.

**Vincent SWINNEY and the Attorney General of the State of Nevada, Defendants.**

**No. CV–R–83–72–ECR.**

United States District Court, D. Nevada.

May 9, 1986.

David Hamilton, Reno, Nev., for plaintiff.

Timothy G. Randolph, Deputy Dist. Atty., Reno, Nev., for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

James J. Darnell petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. The Magistrate recommended denial of the petition and Darnell timely filed objections to her report and recommendation.

Darnell, who was convicted in 1975 of attempted possession of stolen property, has twice before been in federal district court, to the Ninth Circuit and before the Nevada Supreme Court three times on the issues before this Court.[1] The transcripts and court files in this case are understandably voluminous. The petition finally, however, stands properly submitted to this Court for decision. The Court has made a *de novo* review of the entire record and for the reasons stated below, this Court accepts in part and rejects in part the report made by the Magistrate. *See* 28 U.S.C. § 636(b)(1). The Court does, however, agree with the recommendation that the petition should be denied.

## FACTS

James Darnell, a Reno Police Officer, was convicted of attempted possession of stolen firearms, sold to him by Joseph Latour, a police informant. Latour, after being arrested in Sparks, Nevada, on several charges of burglary, admitted under interrogation that he had previously sold stolen firearms to Darnell. Based upon this information, the Reno and Sparks police departments and the Washoe County District Attorney's Office began an investigation of Darnell.

The police arranged for Latour to offer to sell Darnell three guns which had recently been recovered. The police wired Latour for sound and gave the three recovered guns to Latour. Latour then drove to a restaurant. Upon phoning the Reno Police dispatcher, Latour was told that Darnell was on a food break. Latour then contacted Darnell and advised him that he had something to sell. Darnell agreed to meet Latour in fifteen or twenty minutes.

Darnell met Latour at a restaurant and then they both proceeded to Darnell's patrol car. Latour advised Darnell that the guns were stolen and laid them on the hood of the patrol car. They agreed Darnell would pay $100.00 for the three guns, which Darnell would pay the next day. Darnell apparently threatened to kill Latour if Latour ever told any law enforcement officers about the sale. Darnell suggested to Latour that if anyone ever asked him about the guns that he should say that somebody driving a pickup truck bought them on the way out of town.

Darnell took possession of the guns and headed back to the Reno Police Station.

---

1. In October, 1975, a jury convicted Darnell of the felony offense of attempting to possess stolen property. The Nevada Supreme Court affirmed the judgment of conviction and sentence on direct appeal. *Darnell v. Nevada*, 92 Nev. 680, 558 P.2d 624 (1976). In February, 1977, Darnell filed a petition for writ of habeas corpus in the United States District Court for the District of Nevada. On report and recommendation, the United States Magistrate recommended granting Darnell's petition. On review, the Hon. Bruce R. Thompson noted that all of Darnell's claims had not been exhausted and ordered the action be transferred to the Nevada Supreme Court with a request that the file be docketed there as an original petition for habeas corpus. *Darnell v. Galli*, No. 77–019–BRT (D.Nev. Aug. 22, 1977). The Nevada Supreme Court accepted the file and denied the petition for writ of habeas corpus. *Darnell v. Sheriff*, No. 10059 (Nev. Sept. 14, 1977). The file was transferred back to the federal court. Darnell raised a new issue and the district court found that the claims had not been exhausted. *Darnell v. Galli*, No. 77–019–BRT (D.Nev. March 6, 1978). The Ninth Circuit affirmed. *Darnell v. Galli*, 603 F.2d 223 (9th Cir.1979). Darnell then returned to the state and sought post conviction relief in the Second Judicial District Court which denied Darnell's petition. *Darnell v. Nevada*, No. 299428 (July 29, 1980). The Nevada Supreme Court affirmed the denial on procedural grounds without reviewing the claims on the merits. *Darnell v. Nevada*, 98 Nev. 518, 654 P.2d 1009 (1982).

While on his way, Darnell radioed the dispatcher and asked whether his commander was in the station. Although told that his commander was in, Darnell did not ask to so speak to him, nor did he make any reference to the just completed transaction with Latour.

Police officers monitored Darnell's arrival to the police station. Darnell first double-parked next to Officer Hazen's car, who was to give Darnell a ride home that night. When another car pulled up behind him, Darnell drove to the gate of the parking area. He removed the guns and took them back to Hazen's car where he put them on the floor and locked the car. He then drove his patrol car to the general servicing area of the police station, parked the patrol car, and entered the police station.

Once inside the police station, Darnell requested some leave forms. He apparently filled these out. He then talked with some fellow officers and then a series of conversations took place. At some point, Darnell returned to Hazen's car and removed the three guns. He then took them to the office of Detective James Westlake. Darnell also took a phone call from Latour. The respondents argued, and the state habeas court found that the phone call Latour made to the police station tipped Darnell off to the set-up and that prompted him to turn in the guns as recovered stolen property. Shortly thereafter, the police arrested Darnell.

ANALYSIS

Darnell presents six issues in support of his petition: (1) that his conviction represents ex post facto criminalization of conduct that was legally innocent under common law precedent and statute; (2) that the trial judge failed to properly instruct the jury on the critical elements of the charged offense; (3) that there was insufficient evidence in the record to support the verdict; (4) that the reasonable doubt instruction unconstitutionally diluted the prosecution's burden of proof; (5) that the trial judge improperly admitted evidence of Darnell's prior criminal charges; and (6) that the prosecution prevented Darnell from preparing an adequate defense in advance of trial, thereby denying him effective assistance of counsel. As noted, the Magistrate reported that none of these claims support habeas relief. Darnell objects to the Magistrate's report and recommendation.

Darnell requests oral argument, but does not request an evidentiary hearing on this matter. This Court has examined the record to determine if circumstances exist to warrant an evidentiary hearing. The Supreme Court has identified six circumstances in which a federal habeas petitioner has a right to an evidentiary hearing. *Townsend v. Sain*, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963). They are: (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not supported by the record as a whole; (3) the fact-finding procedure employed by the state was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing. *Id.* The record which has been provided to this Court demonstrates that an evidentiary hearing is not warranted in this case.

As a preliminary note, the Court notes that throughout their answer, respondents argued that the "law of the case" had been established by Judge Thompson's previous order on Darnell's first petition for habeas corpus in federal court. This argument is wholly without merit. Judge Thompson specifically found that the petition presented unexhausted issues and the Ninth Circuit affirmed. Respondents' attempt to foreclose Darnell's right to have the issues presented reviewed by a federal district court is viewed with disfavor.

WHETHER OR NOT DARNELL'S CONVICTION REPRESENTED EX POST FACTO CRIMINALIZATION OF CONDUCT

Darnell's first claim for relief presents two legal rationales. Darnell's first con-

tention relies on the Nevada case of *State v. Lung*, 21 Nev. 209, 28 P. 235 (1891). Specifically relying on *Lung*, Darnell contends that an attempt to commit a crime can only be made under circumstances which, had the attempt succeeded, would have constituted the substantive offense. The Nevada Supreme Court held that the language in *Lung* relating to legal impossibility was *obiter dicta* and, thus, its judicial decision in Darnell's appeal was not retroactively applied. *Darnell v. Sheriff*, No. 10059 (Nev. Sept. 14, 1977). Because of this ruling, Darnell then argued that the common law precedent, which Nevada incorporates pursuant to NRS § 1.020, recognized legal impossibility as a defense to an attempted crime. This, Darnell contends, meant that at the time of his actions, it was legally impossible for him to have committed the attempted possession of stolen property because he could not have committed the offense of possessing stolen property.

The Magistrate, in finding that Darnell's conduct was illegal at the time he committed the acts and thus reasoning that his constitutional rights had not been violated, examined the issue under Nevada law. This Court must also, however, examine Darnell's claim that because Nevada incorporates by statute all common law precedent, and because common law precedent (irrespective of any past decisions of Nevada) would have found that his conduct was not criminal, then his conviction represented a "common law precedent" ex post facto conviction. Because the Magistrate did not analyze the second tier of Darnell's argument, this Court will examine anew all of Darnell's claims on this issue.[2]

Darnell first argues that the Nevada Supreme Court, in *State v. Lung* was a recognition that unless all of the elements of the attempted crime could be proven no attempt to commit the crime could legally occur. The absence of one of those elements, in this case the element of stolen

property, would make the attempt of committing the crime legally impossible. Darnell relies on the following statement to support his claim:

> "[A]n attempt to commit a crime can only be made under circumstances which, had the attempt succeeded, would have constituted the entire substantive offense...."

21 Nev. at 213, 28 P. at 236.

There is no dispute that in the direct appeal of Darnell's case, the Nevada Supreme Court held that "[a]n attempt requires only that the appellant have an intent to commit the crime and that he take a direct but ineffectual act toward the commission of the crime." *Darnell v. Nevada*, 92 Nev. 680, 682, 558 P.2d 624, 625–626 (1976). The Supreme Court specifically rejected that body of law which would have made his conduct legally impossible to commit the crime or of attempted possession of stolen property when the guns were not in fact stolen at the time of the incident. *Id.* at 682, 558 P.2d at 625.

The Nevada Supreme Court, however, held in its order denying his first state petition for habeas corpus that the language which Darnell relies upon was merely *obiter dicta*. *Darnell v. Sheriff*, No. 10059 (Nev. Sept. 14, 1977). Thus, the court found no violation of Darnell's due process rights because of an ex post facto judicial application. The interpretation of the Nevada court with respect to the meaning of its previous decision is binding on this Court. *See Wainwright v. Goode*, 464 U.S. 78, 84, 104 S.Ct. 378, 382, 78 L.Ed.2d 187 (1983) (per curiam). Habeas relief is unavailable for the interpretation or application of state law. *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982). Accordingly, the issue presented to this Court is whether or not the common law established a precedent which prior to the 1976 *Darnell* decision meant that Darnell's conduct was legally

---

**2.** Despite the numerous times that Darnell has been before the various courts, the merits of Darnell's common law ex post facto precedent argument has only been addressed by the Second Judicial District Court.

impossible and, thus, the conviction violated his constitutional rights.

■ Darnell's argument rests on the presumption that the common law conclusively recognized that legal impossibility constituted a defense to conduct such as Darnell's. This, however, is not the case. Common law was divergent on this issue. While there are some common law cases which would have found Darnell could not have attempted to possess stolen property, there are other common law cases which would have found that he could. *See e.g. Ex Parte Magidson*, 32 Cal.App. 566, 163 P. 689 (1917) (even though tires were not stolen when the defendant received them, nevertheless he did attempt tó receive stolen property); *People v. Rojas*, 55 Cal.2d 252, 10 Cal.Rptr. 465, 358 P.2d 921 (1961); *see also People v. Jaffe*, 185 N.Y. 497, 78 N.E. 169 (1906) (the purchase of cloth which had been discovered stolen prior to the sale to defendant could not constitute stolen property for the purposes of attempting to possess stolen property). Accordingly, Darnell's argument fails to support habeas relief.

## WHETHER THE TRIAL COURT FAILED TO PROPERLY INSTRUCT THE JURY ON THE ESSENTIAL ELEMENTS OF THE OFFENSE

Darnell next argues that the Magistrate incorrectly found that the trial court, while not providing model instructions, did not violate his constitutional rights. After conducting a *de novo* review, we reject Darnell's objections and adopt the Magistrate's report and recommendation.

## WHETHER THERE WAS SUFFICIENT EVIDENCE IN THE RECORD TO SUPPORT DARNELL'S CONVICTION

Darnell argues that there was insufficient evidence to support his conviction. He asserts that a careful review of the events commencing with his return to the police station clearly reveals that he never intended to keep the guns, but rather intended to turn them in as recovered property. Darnell argues that because he can conclusively demonstrate that the tip-off

call from Latour did not occur before he turned the guns in, then he obviously did not intend to possess them. Darnell incorrectly assumes that fact was the only evidence against him. As the Magistrate ultimately found, there was other evidence which supported his conviction.

■ The relevant question for a federal court sitting in habeas review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). While the Magistrate lost sight of this standard, she did ultimately find sufficient evidence in the record. It is not the function of this Court to determine that every piece of evidence or that every argument is proved beyond a reasonable doubt, as Darnell urges. We should not second-guess the jury to determine what they implicitly did or did not find. Whether or not the testimony could be construed to find that Darnell did or did not receive Latour's tip-off phone call is not a proper question for this Court. *Id.* at n. 13. Rather, the prosecution must prove beyond a reasonable doubt "every fact necessary to constitute the crime charged." *Mullaney v. Wilbur*, 421 U.S. 684, 685, 95 S.Ct. 1881, 1883, 44 L.Ed.2d 508 (1975).

As the Magistrate ultimately concluded, the case against Darnell does not stand or fall on the "tip-off" call from Latour. It is not a federal court's function to determine exactly what the trier of fact determined, rather to examine all of the evidence and determine if any rational trier of fact could find guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. at 319, 99 S.Ct. at 2789. This Court conducted a *de novo* review of the entire record and finds that there is sufficient evidence to support Darnell's conviction.

## WHETHER THE REASONABLE DOUBT INSTRUCTION UNCONSTITUTIONALLY DILUTED THE PROSECUTION'S BURDEN

■ Darnell argues that the use of the word "substantial" in defining reasonable

doubt was in error. Habeas corpus relief should not be granted unless the erroneous instruction "by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). Due process requires that in a criminal prosecution the defendant be convicted of no less than guilt beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072–1073, 25 L.Ed.2d 368 (1970). Thus, this Court must determine whether Darnell was convicted by a lesser standard than guilt beyond a reasonable doubt. The instruction given in the case was:

> A reasonable doubt is one based on reason. It is not mere possible doubt, but is such a doubt as would govern or control a person in the more weighty affairs of life. If the minds of the jurors, after the entire comparison and consideration of all the evidence, are in such condition that they can say they feel an abiding conviction of the truth of the charge, there is not a reasonable doubt. Doubt to be reasonable must be actual and *substantial*, not mere possibility or speculation. (emphasis added)

Other courts have held that proof of guilt beyond a reasonable doubt requires a greater evidentiary showing by the government than proof of guilt beyond a substantial doubt. Consequently, these courts have not approved of the type of instruction given in this case. However, in judging whether the state has transgressed constitutional bounds, a federal court sitting in habeas exercises a limited role. When it is an alleged erroneous jury instruction, the instruction should be viewed in the context of the overall charge. *Cupp*, 414 U.S. at 147, 94 S.Ct. at 400. The question is not merely whether the instruction is undesirable or even universally condemned. *Id.* at 146, 94 S.Ct. at 400. As the Fourth Circuit has noted, a "substantial doubt" instruction standing alone has never been the basis for federal habeas corpus relief. *Smith v. Bordenkircher*, 718 F.2d 1273, 1277 (4th Cir.1983); *see e.g. Payne v. Smith*, 667 F.2d 541 (6th Cir.1981) *cert.*

*denied*, 456 U.S. 932, 102 S.Ct. 1983, 72 L.Ed.2d 449 (1982); *United States v. Rodriguez*, 585 F.2d 1234, 1241 (5th Cir.1978), *on reh'g en banc*, 612 F.2d 906 (5th Cir.1980).

■ The instruction used at Darnell's trial must be examined to determine whether the trial was infected, thereby denying Darnell due process. *See Cupp* 414 U.S. at 147, 94 S.Ct. at 400. In this instance the word "substantial" was used only once. "A reasonable doubt" is otherwise explained as "one based on reason" and "a doubt that would govern or control a person in the more weighty affairs of life." Upon reviewing the instruction as a whole, without isolating a single phrase, the Court finds that a proper concept of reasonable doubt was conveyed to the jury. Darnell's due process rights were not violated. Therefore, his contention concerning the jury instruction is insufficient to grant relief.

## WHETHER THE ADMISSION OF DARNELL'S ALLEGED PRIOR CRIMINAL CONDUCT VIOLATED HIS DUE PROCESS RIGHTS

■ Darnell argues that the trial court's admission of the alleged prior incident where Latour sold him a stolen pistol branded him a criminal and forced him to defend another charge. Darnell had been charged in Count III of the Indictment with possession of stolen property, a K–38 pistol, obtained from Latour approximately one year before the events which were the subject of this conviction. Count III was severed from this trial. On the eleventh day of trial, the trial court allowed the prosecution to present evidence of the K–38 incident to show intent. Even if the admission were erroneous under state rules of evidence, the argument is cognizable under a habeas petition only if Darnell's constitutional rights were violated. *Gutierrez v. Griggs*, 695 F.2d 1195, 1197–98 (9th Cir.1983). Darnell has not shown that the admission of this evidence, even if erroneous, rendered his trial so fundamentally unfair as to violate federal due process.

*See Butcher v. Marquez,* 758 F.2d 373, 378 (9th Cir.1985).

## WHETHER THE PROSECUTION'S ALLEGED INTERFERENCE WITH POTENTIAL WITNESSES DENIED DARNELL OF EFFECTIVE ASSISTANCE OF COUNSEL OR OF DUE PROCESS

Darnell argues repeatedly in support of his "right to talk to witnesses." If this were a case before this Court, we would have no problem ruling on this right. However, we sit as a habeas court and as such only examine *constitutional* rights. Therefore, any problems which Darnell's counsel had in interviewing witnesses must be examined in light of his right to effective assistance of counsel and his right to due process.

The Supreme Court has recognized that the "right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449, n. 14, 25 L.Ed.2d 763 (1970). The standard to determine effective assistance of counsel was recently enunciated by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Court held that: "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. at 2064. First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. *Id.* Second, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id.*

Darnell argues that the memorandum issued by the District Attorney's office urging the police officers "to adopt a strict policy with regard to the release of information concerning pending criminal cases," Joint Appendix at p. 64, hampered his counsel's ability to properly investigate and prepare for trial.

■ Investigation is one of the keys to effective counsel. This is especially true with respect to important witnesses. However, counsel need not pursue "every path until it bears fruit and all conceivable hope withers." *United States v. Tucker,* 716 F.2d 576, 584 (9th Cir.1983) quoting *Lovett v. Florida,* 627 F.2d 706, 708 (5th Cir.1980). *See also United States v. Parr-Pla,* 549 F.2d 660, 664 (9th Cir.), *cert. denied* 431 U.S. 972, 97 S.Ct. 2935, 53 L.Ed.2d 1069 (1977) (Counsel's failure to seek continuance to attempt to locate missing witnesses did not constitute ineffective representation, since the record indicated that at most the witness would have confirmed portions of defendant's testimony relating to a collateral issue.).

■ The transcript, which the Court carefully reviewed, reveals that counsel was not hampered by any inability to question witnesses. Counsel extensively cross-examined all of the witnesses. The Court does not find counsel's performance either deficient or prejudicial to Darnell's defense as a result of the prosecution's conduct.

Although Darnell did not assert that his right to due process had been violated by the alleged improper instructions from the Washoe County District Attorney's office, the Court conducted a review on this basis. Darnell's basic argument, prior to the Magistrate's Report and Recommendation, was that his inability to question police officers until trial forced him to recall the officers during his own case for further questioning. He admits that he was able to relate the coded transmissions of the tapes of the police station calls to the testimony and then recall the officers. *See* Petitioner's Points and Authorities Traversing Respondent's Opposition (document # 24) at 83. He then asserts that the sequence of events was impossible to ascertain until preparing for the appeal.

As the Court found above, sufficient evidence existed to support Darnell's conviction. Thus, the trial was not rendered fun-

534

damentally unfair by the prosecution's interference with witnesses. Regardless of this finding, we reject Darnell's argument that Latour could not have "tipped-off" Darnell.[3]

CONCLUSION

Darnell fails to raise any issues which would support habeas relief.

IT IS, THEREFORE, HEREBY ORDERED that the petition for writ of habeas corpus is DENIED.

IT IS FURTHER ORDERED that effective 10 days from this date, the order of the Court admitting Darnell to bail pending disposition of his petition is VACATED. At that time, the unsecured bond posted by Darnell for his release is EXONERATED.

---

**3.** The Court realizes that we are rejecting the Magistrate's report on this issue. *See Report and Recommendation* at 19–27. We conducted a *de novo* review of all of the testimony and compared it to the Magistrate's report. The Court is unpersuaded that no rational trier of fact could have determined beyond a reasonable doubt that Darnell had received Latour's tip-off call.