James Joseph DARNELL,
Petitioner-Appellant,

v.

Vincent SWINNEY; Attorney General
of the State of Nevada,
Respondent-Appellee.

No. 86–2481.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 1987.

Decided July 27, 1987.

Vivian E. Lynch, Reno, Nev., for petition-er-appellant.

Timothy G. Randolph, Reno, Nev., for respondent-appellee.

Before CANBY and NORRIS, Circuit Judges, and DIMMICK,* District Judge.

CANBY, Circuit Judge:

James J. Darnell appeals the district court's denial of his petition for a writ of

---

* Honorable Carolyn R. Dimmick, United States District Judge, Western District of Washington, sitting by designation.

habeas corpus. 638 F.Supp. 526. Darnell, a Reno police officer, was convicted of attempting to possess stolen firearms. Darnell argues that (1) his conviction represents an *ex post facto* criminalization of conduct that was not criminal when it occurred; (2) the trial court failed to instruct the jury adequately on the elements of the offense; (3) the trial court failed to instruct the jury adequately on the definition of reasonable doubt; (4) the trial court erred in allowing the introduction of evidence of prior criminal conduct; (5) the prosecution improperly interfered with defense access to witnesses prior to trial; and (6) the evidence was not sufficient to establish intent beyond a reasonable doubt.

## FACTS

In October, 1974, Joseph Latour was arrested on several charges of burglary. Upon interrogation, Latour confessed that he had burglarized a camper and had taken two shotguns and a .22 caliber pistol. Latour also stated that he had previously sold a stolen K–38 revolver to Darnell. The Reno and Sparks Police Departments then arranged for Latour to offer to sell Darnell the guns recovered from Latour's burglary. They wired Latour for sound.

On October 9, 1974, Darnell met Latour at a restaurant, and the two men proceeded to Darnell's patrol car. Latour told Darnell that the guns were stolen and laid them on the hood of the car. Darnell took the guns, promised to pay Latour the next day, and returned to the Reno Police Station. When Darnell arrived at the station, he placed the guns in a private automobile. Darnell later returned to the automobile, removed the guns, and took them to the office of Detective James Westlake. At some disputed time after Darnell arrived at the station, he received a telephone call from Latour. Shortly after Darnell took the guns to Westlake's office, he was arrested.

---

1. The statute provides in pertinent part that "[a]ny act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime." Nev.Rev.Stat. § 208.070 (1969) (current version at Nev.Rev. Stat. § 193.330 (1986)).

## STANDARD OF REVIEW

We review *de novo* the district court's denial of a *habeas corpus* petition. *Weygandt v. Ducharme,* 774 F.2d 1491, 1492 (9th Cir.1985).

## DISCUSSION

1. The *ex post facto* claim

Darnell was convicted of attempting to possess stolen firearms in violation of Nev. Rev.Stat. § 208.070.[1] It is undisputed that the firearms had been recovered from Latour and thus were no longer actually stolen property. On original appeal, Darnell argued that under Nevada law it was legally impossible for him to commit the offense of attempting to possess stolen property because he could not have committed the offense of possessing stolen property. *See State v. Lung,* 21 Nev. 209, 28 P. 235 (1891).[2] The Nevada Supreme Court rejected this argument and affirmed Darnell's conviction, holding that "[w]hile jurisdictions have been in conflict as to whether impossibility bars prosecution for charges of attempt, we believe the better rule is that it does not." *Darnell v. State,* 92 Nev. 680, 558 P.2d 624, 625 (1976). The court also stated that "[i]nsofar as this opinion is in conflict with our decision in *State v. Charley Lung* [citation omitted] and its progeny, such portion of that case must be and is hereby overruled." 558 P.2d at 626.

Darnell now argues that his conviction for attempting to possess stolen property was unconstitutional because the state court's construction of Section 208.070 in *State v. Darnell* was "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." *Bouie v. City of Columbia,* 378 U.S. 347, 354, 84 S.Ct. 1697, 1703, 12 L.Ed.2d 894 (1964). Darnell relies upon

---

2. In *State v. Lung,* the Nevada Supreme Court stated that "an attempt to commit a crime can only be made under circumstances which, had the attempt succeeded, would have constituted the entire substantive offense." 28 P. at 236.

decisions holding that an unforeseeable judicial enlargement of a criminal statute can act like an *ex post facto* law and thereby violate the Due Process Clause. *See, e.g., Bouie; Marks v. United States,* 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977); *United States v. Potts,* 528 F.2d 883, 886 (9th Cir.1975) (en banc); *United States v. Goodheim,* 651 F.2d 1294, 1297–98 (9th Cir. 1981).

■ We reject Darnell's argument. The principle underlying *Bouie* and the later cases is that due process forbids the imposition of criminal penalties against a defendant who had no fair warning that his conduct violated the law. *Marks,* 430 U.S. at 191–92, 97 S.Ct. at 992–93. "When [an] unforeseeable state-court construction of a criminal statute is applied retroactively to subject a person to criminal liability for past conduct, the effect is to deprive him of due process of law in the sense of fair warning that his contemplated conduct constitutes a crime." *Bouie,* 378 U.S. at 354–55, 84 S.Ct. at 1703. In the present case, however, Darnell clearly had fair warning that his contemplated conduct—attempting to possess stolen property—was criminal. Thus, even if it is assumed that the Nevada Supreme Court's interpretation of Section 208.070 changed Nevada's law of criminal attempt, Darnell has failed to show that this change resulted in any surprise that affected his conduct. Nor has he shown that he was unfairly surprised in a way that affected his legal defense, since he conducted that defense with full notice that Section 280.070 was being construed against him. We therefore hold that Darnell's conviction did not violate his right to due process.

2. The instruction on the elements of the offense

The petitioner in a habeas corpus proceeding has the burden of demonstrating that an erroneous jury instruction "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). In the present case, Darnell argues that the trial judge failed to instruct the jury adequately on the elements of the offense. The crucial instruction follows:

Nevada Revised Statutes Section 208.-070, insofar as applicable to this case provides: That an act done with intent to commit a crime, intending but failing to accomplish it, is an attempt to commit that crime.

Property which had at one time been stolen, but which has been recovered by the police, loses its character as stolen property upon such recovery. Once such property is in the custody of the police, it is no longer stolen property. Since the property involved herein had been recovered, the offense of receiving stolen property could not be completed, and only an attempt could be charged.

Unless you find from your consideration of all of the evidence that each of such facts has been proven beyond a reasonable doubt, the State has not sustained its burden of proof and you must acquit the defendant.

Darnell points out that this instruction fails to list the "facts" that must be "proven beyond a reasonable doubt."

■ We agree that the trial court's instructions are far from models of clarity. We think, however, that any deficiencies in the instructions went to matters that were not in dispute. It was undisputed at trial that Darnell received the guns from Latour and that Darnell believed the guns to be stolen. The primary issue at trial was whether Darnell received the guns intending to turn them in to the police or whether he purchased them for his own use. On this disputed issue of intent, the jury was not misled by the instructions.[3] We therefore agree with the district court that any deficiencies in the jury instructions did not

---

3. Darnell's theory of the case was presented to the jury in a later instruction:

A police officer who receives custody of stolen property with the intent to perform his statutory duty to preserve it for the true owner thereof is not guilty of a crime.

so infect the entire trial as to deprive Darnell of due process.

### 3. The reasonable doubt instruction

Darnell also argues that the trial court's reasonable doubt instruction unconstitutionally diluted the prosecution's burden of proof by stating that a reasonable doubt must be "actual and substantial."[4] We note that the equation of reasonable doubt with substantial doubt has been uniformly criticized, *see, e.g., Taylor v. Kentucky,* 436 U.S. 478, 488, 98 S.Ct. 1930, 1936, 56 L.Ed.2d 468 (1978), but that a substantial doubt instruction standing alone has never to our knowledge provided the basis for federal habeas relief. *See Smith v. Bordenkircher,* 718 F.2d 1273, 1277 (4th Cir. 1983), *cert. denied,* 466 U.S. 976, 104 S.Ct. 2355, 80 L.Ed.2d 828 (1984). We also note that "[b]efore a federal court may overturn a conviction resulting from a state trial in which [an erroneous] instruction was used, it must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." *Cupp,* 414 U.S. at 146, 94 S.Ct. at 400.

█ In the present case, the challenged instruction used the word "substantial" only once. Reasonable doubt was otherwise explained as a doubt "based on reason" and "a doubt that would govern or control a person in the more weighty affairs of life." The latter formulation is similar to language we held not to be constitutional error in *Hatheway v. Secretary of the Army,* 641 F.2d 1376, 1378 n. 2, 1384 (9th Cir.), *cert. denied,* 454 U.S. 864, 102 S.Ct. 324, 70 L.Ed.2d 164 (1981). We reach the same conclusion here. The instruction's one reference to substantial doubt did not so infect the entire trial as to deprive Darnell of due process. *See Cupp,* 414 U.S. at 147, 94 S.Ct. at 400.

Darnell's remaining claims are without merit. Darnell has not shown that the admission of evidence of a prior purchase of a stolen weapon rendered his trial so fundamentally unfair as to violate due process. *See Butcher v. Marquez,* 758 F.2d 373, 378 (9th Cir.1985). The evidence was relevant to the question of Darnell's intent, and the trial judge instructed the jury that it was to be considered for no other purpose. Nor has he shown that the prosecution improperly interfered with his access to witnesses or that any interference denied him effective assistance of counsel. Finally, we agree with the district court that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

AFFIRMED.

---

**4.** The instruction reads in its entirety:

A reasonable doubt is one based on reason. It is not mere possible doubt, but is such a doubt as would govern or control a person in the more weighty affairs of life. If the minds of the jurors, after the entire comparison and consideration of all the evidence, are in such a condition that they can say they feel an abiding conviction of the truth of the charge, there is not a reasonable doubt. Doubt to be reasonable must be actual and substantial, not mere possibility or speculation.