**UNITED STATES of America,
Appellee,**

v.

**William James SMITH and Joseph
Lee Tillery.**

**Appeal of Joseph Lee TILLERY.**

**No. 72–1341.**

United States Court of Appeals,
Third Circuit.

Submitted Sept. 15, 1972.

Decided Oct. 16, 1972.

Nino V. Tinari, Lorch, Ryan, Peruto & Vitullo, Philadelphia, Pa., for appellant.

Henry J. Horstmann, Asst. U. S. Atty. (Carl J. Melone, Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, ADAMS and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This appeal questions the validity of an arrest and search which yielded certain "bait bills" resulting in appellant's conviction on a bank robbery charge. The arrest was claimed by agents to be under authority of a warrant for bond default issued in Washington, D. C. That warrant was later found to be a fugitive bench warrant pertaining to a charge of carrying a dangerous weapon. The issues raised here are (1) whether a search yielding evidence of an offense for which appellant was convicted is valid when incident to arrest on a warrant charging a separate offense; and (2) whether an instruction to the jury that they should find defendant not guilty if they had a "substantial reasonable doubt" was prejudicial due to the use of the word "substantial."

With respect to the warrant, arrest, and search, there are a number of questions to examine. To justify a search incident to an arrest, it is essential first to establish the validity of the arrest. "Where the arrest is only a sham or a front being used as an excuse for making a search, the arrest itself and the ensuing search are illegal." Taglavore v. United States, 291 F.2d 262 (9 Cir. 1961). Appellant relies on this and asserts its applicability, urging that the facts present an instance of sham arrest. We must disagree with that assertion.

In this appeal as the trial judge pointed out, United States v. Tillery, 332 F.Supp. 217, there was a warrant issued prior to the time of the bank robbery. The offense described was not a petty summary matter like the traffic violation in Taglavore. This was no fabricated warrant and it had been valid and existing for a considerable period but had, up until this time, merely fallen short of enforcement. As far as the warrant itself goes then, it cannot be considered a sham obtained purely to allow arrest on the bank robbery charge. It is argued by appellant that the arresting agents did not have the warrant in their possession, that they did not know what the D.C. warrant was for, and that they had never seen a copy of the warrant prior to the arrest of appellant. None of these items would be sufficient to invalidate the arrest.

Under Fed.Rule of Cr.P. 4(c)(3) an officer need not have the warrant in his possession at the time of arrest. The instance in this case is governed by Rule 9 which has provisions for execution of a warrant the same as Rule 4(c)(3). In a similar situation, Bartlett v. United States, 232 F.2d 135 (5 Cir. 1956) the court in effect ruled it unnecessary for

agents to have the warrant in their actual possession in order to justify the arrest, so long as they had reliable information of an outstanding warrant. It seems that the arresting agents had been advised about the D.C. warrant by another agent who had erroneously stated the grounds of the warrant. These agents did accurately note that it was a D.C. warrant but called it a "failure to appear" instead of a "fugitive bench" warrant when informing appellant of its existence. A federal agent would doubtless be considered a reliable source to describe the existence of a warrant. In Klingler v. United States, 409 F.2d 299 (8 Cir. 1969) it was decided under warrantless arrest circumstances that an officer's misstatement of an unsuitable ground for arrest neither voids the arrest nor a search incident thereto, because a police officer in chase should not be required to immediately say with particularity the exact grounds on which he is exercising his authority. It is obvious that similar rationale should apply to the enforcement basis for an existing warrant.

■ If said warrant had not been properly enforced and we are convinced that it was, it has been found that "even if an arrest warrant has been issued but is invalid, the arrest may be lawful if the arresting officer had probable cause to believe that the suspect was committing or had committed a felony." United States v. Kirby [United States v. Miles], filed September 29, 1972, 468 F. 2d 482 (3 Cir. 1972); United States ex rel. Gockley v. Myers, 450 F.2d 232 (3 Cir. 1971). The facts before us more than suffice to establish probable cause for arrest. One man held up a bank. He was seen running through a yard and getting into a getaway car which quickly drove off. The car had flower decals on the hubcaps and on the passenger side and was occupied by another Negro male. A car fitting the description was found to have been used at about the time of the robbery by appellant Tillery and another Negro male. That other male was identified as being in the bank surveillance photographs. The person who had run through the yard and gotten into the getaway car was identified by photographs as the same person who robbed the bank. Clearly, the agents had probable cause to arrest appellant irrespective of the said warrant. Therefore by two distinct reasons, the arrest of Tillery was valid and the search incident thereto yielded legally admissible evidence.

■ Appellant finally contends that he was prejudiced as a result of the trial judge's instructions using the language "substantial reasonable doubt" when he advised the jury of the standard to be used if they were to find appellant not guilty, suggesting that this implies a stronger or stricter standard. We feel appellant is now picking at straws. Reasonable doubt of itself is substantial, rendering the specific use of the word unimportant. It is sufficient if the jury understands reasonable doubt to mean "a real or substantial doubt generated by the evidence or a lack of it." Holland v. United States, 209 F.2d 516 (10 Cir. 1954). Furthermore, it appears that this terminology was used only once, while on at least seven occasions, "substantial" was not mentioned preceding "reasonable doubt." Granting appellant's argument that instructions by the court to the jury as to reasonable doubt should be clear and unequivocal, there is still no problem under these facts. When reviewing a trial judge's charge on reasonable doubt, an appellant court will look to the entire instruction rather than isolate its attention on a single phrase or sentence. Baker v. United States, 412 F.2d 1069, 1073 (5 Cir. 1969). If the charge, taken as a whole, correctly conveys the concept of reasonable doubt, the charge is proper. Holland v. United States, 209 F.2d 516, 522–523 (10 Cir. 1954), aff'd 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). We are satisfied that the charge here served to accurately convey such concept.

The judgment of the district court will be affirmed.

ADAMS, J., concurs in the result.