No. 85–5046. ADAMS *v.* UNITED STATES. C. A. 3d Cir. Certiorari denied.

JUSTICE WHITE, with whom THE CHIEF JUSTICE joins, dissenting.

This case presents the issue of the agreement necessary to support a conviction for so-called RICO conspiracy. For his part in a large-scale narcotics distribution scheme, petitioner Adams was convicted of both the substantive RICO offense defined by 18

U. S. C. § 1962(c)* and conspiracy to commit this offense. Petitioner requested a jury instruction that he could not be found guilty on the conspiracy count unless the evidence showed that he had personally agreed to commit two acts of racketeering activity. The District Judge refused this instruction. In affirming petitioner's RICO conspiracy conviction, the United States Court of Appeals for the Third Circuit held that, to be convicted of conspiracy to violate § 1962(c), a defendant need only agree to the commission of two predicate acts of racketeering activity, and need not agree to personally commit those acts. 759 F. 2d 1099, 1116 (1985).

The Courts of Appeals disagree as to the proper interpretation of 18 U. S. C. § 1962(d), the RICO conspiracy statute. Some require, as the predicate for conviction under § 1962(d) of conspiracy to violate § 1962(c), an agreement to personally commit two acts of racketeering activity. See, e. g., United States v. Ruggiero, 726 F. 2d 913, 921 (CA2), cert. denied sub nom. Rabito v. United States, 469 U. S. 831 (1984); United States v. Winter, 663 F. 2d 1120, 1136 (CA1 1981), cert. denied, 460 U. S. 1011 (1983). Other Courts of Appeals agree with the Third Circuit that § 1962(d) also makes unlawful an agreement that another violate § 1962(c) by committing two acts of racketeering activity. See, e. g., United States v. Carter, 721 F. 2d 1514, 1529–1531 (CA11), cert. denied sub nom. Morris v. United States, 469 U. S. 819 (1984).

Surprisingly, even the Government's interpretation of the RICO conspiracy statute has not been wholly consistent. In Winter, supra, the Government conceded that a count under § 1962(d) of conspiracy to violate § 1962(c) requires proof that the defendant "agreed to commit personally two or more predicate crimes constituting a pattern of racketeering activity." 663 F. 2d, at 1136.

---

*In writing the Racketeer Influenced and Corrupt Organizations Act, 18 U. S. C. § 1961 et seq., Congress defined three new substantive offenses, 18 U. S. C. §§ 1962(a), (b), (c), and also made it unlawful to conspire to commit these substantive offenses, 18 U. S. C. § 1962(d). Title 18 U. S. C. § 1962(c), the relevant substantive offense in this case, provides:

"It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

Title 18 U. S. C. § 1961(5) provides that the term "pattern of racketeering activity" requires at least two acts of racketeering activity, a term which in turn is defined at 18 U. S. C. § 1961(1).

In other cases, including this one, the Government has argued for the interpretation of § 1962(d) adopted by the Third Circuit.

"The legislative history [of the RICO statute] clearly demonstrates that [it] was intended to provide new weapons of unprecedented scope for an assault upon organized crime and its economic roots." *Russello* v. *United States*, 464 U. S. 16, 26 (1983). If the Third Circuit's interpretation of § 1962(d) is correct, Congress' intent is being frustrated in those circuits which adhere to the narrower view of RICO conspiracy. If the Third Circuit's interpretation is incorrect, defendants are being exposed to conviction for behavior Congress did not intend to reach under § 1962(d). I would grant certiorari to resolve the conflict among the Courts of Appeals.