Velma MAGOON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 85–2453.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1986.

Decided March 27, 1986.

Rehearing Denied May 30, 1986.

Jerry Stewart, Benton, Ark., for appellant.

Steven N. Snyder, Asst. U.S. Atty., Fort Smith, Ark., for appellee.

Before HEANEY, JOHN R. GIBSON, and FAGG, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Velma Magoon appeals her conviction following a jury trial of conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1982). She seeks a new trial, contending that she was denied due process by the government's failure to disclose material and exculpatory evidence regarding the credibility of a government informant and key witness. Because we believe there is no reasonable probability that disclosure would have affected the outcome of the case, we affirm.

The case against appellant Magoon and coconspirator Pedro Ramirez derived substantially from the testimony of government informant Bob Hansen and Drug Enforcement Administration Special Agent Bob Morris. Hansen testified that in October, 1984, Magoon and Ramirez met with him in a restaurant in Hot Springs, Arkansas, to solicit his help in locating prospective cocaine purchasers, for which he would be paid. Hansen reported this meeting to the Arkansas State Police and was referred to Special Agent Morris. Hansen agreed to cooperate in an investigation in which he would introduce Morris, posing as a potential purchaser, to Magoon and Ramirez. Hansen stated at trial that he was not paid for his informant services, but cooperated in the investigation and testified at trial out of a civic duty to help the government prosecute those involved with distribution of drugs.

On October 29, 1984, Hansen introduced Morris to Magoon and Ramirez. Morris expressed interest in making a small purchase at that time with an eye toward larger purchases in the future. Negotiation lasted several hours. At one point, Magoon and Ramirez left the room to confer. At another point, they went outside and returned with a set of triple beam scales. Finally, Morris purchased one ounce of cocaine for $2500. Magoon told Morris that because he had gotten such a good deal he would be liable to pay Hansen the finder's fee.

Through the succeeding weeks, Morris and Ramirez discussed a larger cocaine transaction. In early February, 1985, Magoon contacted Hansen about delivery of cocaine to Morris. Magoon gave Hansen approximately one kilo of cocaine with instructions to sell it to Morris for $56,000. Hansen testified that he took the package home and attempted to contact Morris, but unable to reach him, buried the package in a rural area near Hot Springs. On March 8, 1985, two days after an indictment was returned against Magoon on her role in the initial sale, Hansen telephoned Morris and informed him of the delivery.

Magoon was tried before a jury on charges of conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Evidence regarding the one kilo delivery was not presented to the jury. Magoon was convicted and sentenced to seven years in prison. This appeal followed.

Magoon contends that her conviction must be reversed and her case remanded because the government violated due process when it failed to disclose to defense counsel that Hansen concealed the contraband received from Magoon for approximately one month before alerting Morris. This fact, she argues, is material to the truthfulness of Hansen's testimony, because it throws into question his preferred motive for serving as a government witness. She implies that Hansen may have exchanged his testimony for freedom from prosecution for his concealment of the cocaine. Magoon claims that had Hansen's testimony been impeached, the outcome of the case could have been different.

In *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Su-

preme Court held that the prosecution's failure to furnish the accused with evidence favorable to his defense "violates due process where the evidence is material either to guilt or punishment." *Id.* at 87, 83 S.Ct. at 1197. Undisclosed evidence is material for *Brady* purposes if there is a "reasonable probability" that the outcome of the trial would have been different had the evidence been disclosed to the defense. *United States v. Bagley,* —— U.S. ——, 105 S.Ct. 3375, 3384, 87 L.Ed.2d 481 (1985). Impeachment evidence falls within the *Brady* rule. *Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972).

We do not believe Magoon has made the required materiality showing. The record demonstrates that Hansen had independently approached law enforcement authorities and agreed to participate in the prosecution of Magoon and Ramirez long before he received the cocaine from Magoon. Thus it is plain that whatever Hansen's motive for cooperating, it cannot be linked to the undisclosed concealment. Furthermore, we observe that as a practical matter, presenting to the jury evidence that Magoon was involved in not one cocaine transaction, but two, and that the second involved not merely an ounce of cocaine, but a kilo, would have done more harm to her cause than good. While we acknowledge that Hansen's one month delay in apprising Morris of the delivery raises some question, we do not believe that this fact is material. There is no reasonable probability that its disclosure would have affected the outcome of the trial.

The conviction is affirmed.