### UNITED STATES of America

### v.

### Michael Alan LAU and Bruce Lynwood Taylor.

### Crim. No. 85–321(PG).

United States District Court, Puerto Rico.

Sept. 29, 1986.

Antonio R. Bazán, Asst. U.S. Atty., Hato Rey, P.R., for U.S.

William L. Camper, Clyde M. Taylor, Tallahassee, Fla., for Lau.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Defendants, Michael Alan Lau and Bruce Lynwood Taylor, were charged and convicted[1] for violations under 21 U.S.C. § 846 for conspiring to import cocaine, and under 21

---

1. On December 17, 1985, the jury returned guilty verdicts on the three counts of the indict-      ment as to both defendants.

U.S.C. §§ 952(a) and 841(a)(1) with the substantive counts of importation and possession with intent to distribute. Thereafter appeal was taken on March 7, 1986. They now move for a new trial under Fed.R. Crim.P. 33.[2]

■ It is clear that the proper procedure for a party wishing to make a motion for a new trial while an appeal is pending is to first file the motion in the district court. *Gov. of Virgin Islands v. Josiah*, 641 F.2d 1103, 1105 (3rd Cir.1981); *United States v. Phillips*, 558 F.2d 363, 363 (6th Cir.1977); *First National Bank v. Hirsh*, 535 F.2d 343, 346 (6th Cir.1976); *United States v. Wander*, 465 F.Supp. 1013, 1020 (W.D.Pa.), *appeal dismissed*, 601 F.2d 1251 (3rd Cir. 1979).

Movants herein pray for new trial based on alleged new evidence. They specifically contend that the Drug Enforcement Administration (DEA) withheld exculpatory information pertaining directly to defendant Bruce Lynwood Taylor. They further maintain that failure to disclose this information violates their rights under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

■ The command in *Brady* is straightforward. The Supreme Court held therein that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland, supra*, at 87, 83 S.Ct. at 1196–1197. Thus, *Brady* imposes on the prosecution a duty under the due process clause. *United States v. Ranney*, 719 F.2d 1183, 1190 (1st Cir.1983). However, several requirements must be shown in order to establish a *Brady* violation, to wit: 1) that the prosecution suppressed the evidence; 2) that the evidence was favorable to the appellants or was exculpatory; and 3) that the evidence was material. *Halliwell v. Strickland*, 747 F.2d 607, 609 (11th Cir.

1984), *cert. denied*, 472 U.S. 1011, 105 S.Ct. 2711, 86 L.Ed.2d 726 (1985). Procedurally, the Court is required to determine whether in light of the foregoing the motion for new trial should be granted.

Therefore, in evaluating movants' petition two bodies of doctrine must be taken into consideration. First, the government's duty under *Brady* to disclose evidence favorable to defendants prior to trial, as well as the requirements imposed by Fed.R. Crim.P. 33 on a defendant seeking a new trial based on newly discovered evidence. It has been held that in moving for a new trial based on alleged newly discovered evidence movants must meet a five part test: 1) the evidence must be in fact newly discovered; 2) facts must be alleged from which the court may infer diligence on the part of the movant; 3) the evidence relied on must not be merely cumulative or impeaching; 4) it must be material to the issues involved; and 5) it must be such and of such nature, as that, on a new trial the newly discovered evidence would probably produce an acquittal. *United States v. Adams*, 759 F.2d 1099, 1108 (3rd Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 336, 88 L.Ed.2d 321 (1985). *United States v. Alberici*, 618 F.Supp. 660, 666–667 (E.D.Pa. 1985).

The evidence in question consists of tape recorded telephone calls along with interview reports and follow-up intelligence data. Movants state that their attorney became aware of the recorded calls evidence while representing another client in a case in Florida. In their motion, defendants basically maintain that this evidence is exculpatory evidence and that the same establishes that defendant Bruce Lynwood Taylor was not only not involved in narcotics but was also strongly opposed to drugs and had taken steps to report suspect smuggling activity. Defendants further contend that throughout the trial they were unaware of any tapes containing exculpatory statements by defendant Bruce Lyn-

---

**2.** Fed.R.Crim.P. 33 provides in pertinent part: "A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case."

wood Taylor. They insist on the government's deliberate intention to withhold this evidence as they claim that the similar act evidence which was introduced during trial was received from government witness Thomas Aiello, who happened to assist the DEA in Panama City.

In order to evaluate defendants' contentions, this Court ordered the government on August 25, 1986, to submit all tapes alluded to by defendants for a review in camera. On September 8, 1986, the government complied with our order and submitted the evidence requested by the Court.[3] We then proceeded with an in-camera review to determine whether these tapes contain any *Brady* material, *Lindsey v. King*, 769 F.2d 1034, 1041 (5th Cir.1985); *United States v. Ben M. Hogan Co., Inc.*, 769 F.2d 1293, 1300 (8th Cir.1985), and to further determine whether this is *"material"* evidence. *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *United States v. Griggs*, 713 F.2d 672, 674 (11th Cir.1983); *United States v. Peters*, 625 F.2d 366, 371 (10th Cir.1980); *United States v. Brown*, 574 F.2d 1274, 1278 (5th Cir.), *cert. denied*, 439 U.S. 1046, 99 S.Ct. 720, 58 L.Ed.2d 704 (1978); *United States v. Strahl*, 590 F.2d 10, 15 (1st Cir. 1978), *cert. denied*, 440 U.S. 918, 99 S.Ct. 1237, 59 L.Ed.2d 468 (1979).

Having carefully examined the evidence in camera we find that the evidence in its totality pertains to an investigation which was conducted from Miami in the year 1982. The involvement of defendant Bruce Lynwood Taylor with this particular investigation stems from the fact of his co-ownership along with his brother Grady Taylor and his brother in law of a Cessna 310 airplane which had been offered to the confidential informant for smuggling purposes and concretely for the transportation of cocaine from South America to Puerto Rico.

In the taped conversations defendant Bruce Taylor talks to the confidential informant. In the first of these conversations the confidential informant tells Bruce Taylor that "Jerry"[4] had asked him to call because they want to buy the airplane. In the course of this conversation and upon direct questioning by the confidential informant Bruce Taylor denies knowing the "type of business" in which they are involved despite being told by the confidential informant that in said business "things go slow at times."

In a subsequent conversation Bruce Taylor once again denies knowing "what was being done in Puerto Rico." Concerning the use of the airplane, the confidential informant tells Bruce Taylor that "Grady", who "does know what it was going to be used for" had supposedly told him (Bruce). However, throughout the whole conversation Bruce Taylor denies any direct knowledge although he admits that he suspects that it is being used for drugs. In a substantial portion of this conversation Bruce Taylor questions at length the confidential informant concerning the whereabouts of his plane, as he is advised by the confidential informant that everything is being done to get the plane back. The evidence submitted also establishes that thereafter, in view that the airplane was not returned, defendant Taylor reported it to the FBI[5] and proceded to inform this to the confidential informant.

From defendant Taylor's foregoing statements, which point to a lack of involvement in a drug venture, and from the fact that

---

**3.** The evidence consists of two taped conversations in Criminal Case No. MCR 85–00230–03 RV (marked as Exhibits E and J) and copies of the DEA's 6 forms related to the case and rough notes made by agents contemporaneous to the taped conversations.

**4.** This is Jerry Harper, who is one of the individuals indicted in Cr. Case No. 85–230 in the Northern City of Florida, supposedly a known drug dealer.

**5.** This is somewhat unclear because defendant Bruce Taylor knew thru his conversations that there was an offer to pay $35,000.00 for the plane and he had stated in his conversations that he believed the plane was being used for drugs. It is also unclear why, if this is in fact exculpatory evidence, defendant knowing of its existence failed to bring it during trial.

he notified the FBI to locate the airplane, defendants advance that this is exculpatory evidence and that a new trial is warranted.

In the instant case the U.S. Attorney has denied having any knowledge of the existence of these tapes before, during and after the trial of Bruce Taylor and Michael Alan Lau.[6]

At this point we should note that a distinction has been drawn by the Supreme Court and other courts between evidence which is exclusively within the prosecutor's control and knowledge and evidence which is not. *Lugo v. Muñoz,* 682 F.2d 7, 9 (1st Cir.1982).

■ Under *Brady, supra,* the government is required to turn over information, but the information *must be known* to the prosecutor. *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *United States v. Walker,* 720 F.2d 1527, 1535 (11th Cir.1983), *cert. denied* 465 U.S. 1108, 104 S.Ct. 1614, 80 L.Ed.2d 143 (1984). Certainly, "the prosecution has no duty to volunteer information that it does not possess or of which it is unaware." *United States v. Hsieh Hui Mei Chen,* 754 F.2d 817, 824 (9th Cir.), *cert. denied,* 471 U.S. 1139, 105 S.Ct. 2684, 86 L.Ed.2d 701 (1985). Under this principle we see no reason to depart from *Ross v. Texas,* 474 F.2d 1150, 1153 (5th Cir.), *cert. denied,* 414 U.S. 850, 94 S.Ct. 141, 38 L.Ed.2d 98 (1973), where a claim under *Brady* was denied because neither the prosecution nor any of his assistants were in possession of the alleged exculpatory evidence or aware of its existence. However, in reality what defendants are claiming herein is that the prosecution was at least technically in the possession of the evidence in question.

■ In any event, we must be guided by Fed.R.Crim.P. 33 which addresses the instances in which exculpatory evidence is not known to the government and the defendant until after the trial is concluded, *United States v. Alberici, supra,* at 670, and demands, among others, an analysis concerning the materiality of the evidence in question.[7]

■ In these taped conversations defendant Bruce Taylor does not make inculpatory statements. This fact explains why he was not indicted in the case for which that particular investigation was carried. We can say that the evidence is exculpatory as to that case, but at the same time it does not pertain to the facts for which defendants were charged, tried and convicted by an impartial jury panel in the instant action. Defendants have also advanced that this constitutes impeachment evidence. It is not disputed that impeachment evidence, as well as exculpatory evidence, falls under the *Brady* rule. *United States v. Pflaumer,* 774 F.2d 1224, 1226 (3rd Cir. 1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1263, 89 L.Ed.2d 572 (1986).

However, in the instant case there was independent evidence of involvement for which defendants were tried and convicted after having been found guilty beyond reasonable doubt. In the trial of this case "similar acts" evidence was presented through the testimony of Thomas Aiello which established that approximately eight to nine months after the conversations in question were taped the defendant Bruce Lynwood Taylor was involved in active narcotics trafficking. This "similar acts" evidence which the government presented involved an alleged cocaine offload of a twin engine aircraft piloted by defendant Lau and assisted by Taylor which occurred in a field near Broxton, Georgia, in January 1983. Contrary to defendants' contentions the alleged newly discovered evidence could not have been used to impeach neither witness Aiello nor any other of the government's witness in this case.

It appears to this Court that the information contained in the tapes fail to cast doubts in the trial which was held before

---

6. A statement to such effects appears on the "Motion Requesting Extention of Time to Reply to Defendants' Motion for New Trial," filed on July 14, 1986.

7. Materiality is also a requirement to establish a *Brady* violation. *Halliwell v. Strickland, supra.*

us. It is not at all improbable that one who had stated to be opposed to drugs later on is involved in drug trafficking activity in a different venture.

As stated before, among the conditions required to grant a motion for new trial on the grounds of newly discovered evidence it must be established that the evidence is exculpatory, and the government's failure to disclose the evidence results in undue prejudice impairing the preparation of the defense. *United States v. Thuna,* 786 F.2d 437, 443–444 (1st Cir.1986); *United States v. George,* 752 F.2d 749, 756 (1st Cir.1985). It must also be established that the evidence would affect the outcome of the trial. *United States v. Rodríguez,* 738 F.2d 13, 17 (1st Cir.1984); *United States v. Drougas,* 748 F.2d 8, 23 (1st Cir.1984). Thus, it must be evidence likely to produce an acquittal if the case were retried. *United States v. Christian,* 786 F.2d 203, 210 (6th Cir.1986); *United States v. Scaife,* 749 F.2d 338, 339 (6th Cir.1984); *United States v. McKenzie,* 768 F.2d 602, 610 (5th Cir. 1985), *cert. denied,* ── U.S. ──, 106 S.Ct. 861, 88 L.Ed.2d 900 (1986).

■ In sum, the evidence must be material. After the recent decision of the Supreme Court in *Bayley, supra,* there is now a single standard of materiality. This standard has been adopted from *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which speaks of a reasonable probability as a probability sufficient to undermine confidence in the outcome. In accordance with this standard the evidence is material if there is a reasonable probability that had the evidence been disclosed to the defense, the result of the trial would have been different.[8]

Although we are not to retry the case in our imaginations, it appears to this Court that in the instant case the tapes in question would not have exculpated the defendant. *United States v. Schell,* 775 F.2d 559, 567–568 (4th Cir.1985), *cert. denied,* ──

U.S. ──, 106 S.Ct. 1498, 89 L.Ed.2d 899 (1986). Neither would they have affected the outcome of the trial, *United States v. Bagley, supra,* at 3384, had this evidence been disclosed to the defense. *Magoon v. United States,* 787 F.2d 412, 414 (8th Cir. 1986); *United States v. Adams,* 785 F.2d 917, 921 (11th Cir.1986).

■ In the instant case the witnesses (including Thomas Aiello) were cross-examined at length, and the evidence does not carry the potential for the destruction of the identification of the defendants. The material contained in the tapes clearly fails to meet the materiality test set forth in *Bagley, supra.* The evidence pertains to another period of time prior to the one for which defendants have been indicted and convicted beyond reasonable doubt.

WHEREFORE, in view of the foregoing defendants' motion for new trial is hereby DENIED.

IT IS SO ORDERED.

---

**8.** This definition of materiality applies to all cases of prosecutorial failure to disclose favorable evidence whether there was "no request," a "general request," or a "specific request" on the part of the defendant. *Anderson v. United States,* 788 F.2d 517, 519 (8th Cir.1986).