UNITED STATES of America, Plaintiff,

v.

John Di GILIO, John Barbato, Donald
Carson, Anthony Gallagher, Anthony
Sharkey, Milton Held, David Richman,
Harold Friedman, Defendants.

Crim. No. 86–340.

United States District Court,
D. New Jersey.

Sept. 9, 1987.

Samuel A. Alito, U.S. Atty. by Melvin S. Kracov, Executive Asst. U.S. Atty. and Jeffrey A. Bronster, Sp. Atty. U.S. Dept. of Justice, Organized Crime Strike Force, Newark, N.J., for plaintiff.

Larry Bronson, Bayonne, N.J., for defendant John Di Gilio.

Donald F. Manno, Cherry Hill, N.J., for defendant John Barbato.

Fisher and Ely by Ivan S. Fisher, New York City and Miller, Hochman & Meyerson by John R. Schwartz, Jersey City, N.J., for defendant Donald Carson; Frank W. Dunham, Jr., Arlington, Va., and Professor G. Robert Blakey, Notre Dame Law School, Notre Dame, Ind., of counsel.

Anthony Gallagher, pro se, Bayonne, N.J.

John C. Whipple, Asst. Federal Public Defender, Newark, N.J., for defendant Anthony Gallagher.

Dennis M. Barlow, Nutley, N.J., for defendant Anthony Sharkey.

Ruhnke & Barrett by Jean DeSales Barrett, West Orange, N.J., and Carl J. Herman, Livingston, N.J., for defendant Milton Held.

Grand & Ostrow, Norman S. Ostrow, New York City, for defendant David Richman.

Lewis & Fiore, David L. Lewis, New York City, for defendant Harold Friedman.

DEBEVOISE, District Judge.

Count 1 of this 14–count indictment charges that all eight of the defendants engaged in a RICO conspiracy in violation of 18 U.S.C. section 1962(d). Defendants moved to dismiss Count 1 on the grounds that (i) it fails to allege that the offense occurred within the statute of limitations period, (ii) it fails to allege a RICO enterprise and (iii) it fails to allege a pattern of racketeering activity. In addition, defendants contend that, except for the assets of defendants Di Gilio, Gallagher and Carson, Count 1 fails to allege facts which would permit forfeiture of the assets listed in the forfeiture demand. For the reasons set forth below, defendants' motion will be denied in its entirety.

A. *The indictment:* Count 1 of the indictment charges that from June, 1981 to December, 1982 the defendants and "Benny Eggs" and "Mike Marine", being members of the John Di Gilio Group, an enterprise the activities of which affected interstate commerce, conspired among themselves and with others to conduct and participate in the conduct of the affairs of that enterprise through a pattern of racketeering activity in violation of 18 U.S.C. section 1962(d).

Two kinds of racketeering activity are charged as the requisite pattern.

First, it is charged that between June, 1981 and September, 1982 Milton Held, David Richman and Harold Friedman, persons acting in the interest of United Terminals, Inc. ("UTI"), paid money to Donald Carson, an officer of labor organizations which represented employees of UTI, an industry affecting commerce, in violation of 29 U.S.C. section 186(a)(2).

Second, it is charged that between June, 1981 and September, 1982 Donald Carson received money from UTI, and John Di Gilio, John Barbato, Anthony Gallagher and Anthony Sharkey aided and abetted that offense in violation of 29 U.S.C. section 186(b)(1) and 18 U.S.C. section 2.

Count 1 of the indictment also sets forth a description of various labor and business organizations affected by or used in the course of the conspiracy, the RICO enterprise, the purposes and means and methods of the RICO enterprise and the roles of the eight defendants.

B. *The statute:* The substantive offenses prohibited by the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. sections 1961–1968, are set forth in subsections (a), (b) and (c) of section 1962. Subsection (a) prohibits the use of income derived from a "pattern of racketeering activity" to acquire a financial interest in an enterprise. Subsection (b) prohibits the acquisition or maintenance of an interest in an enterprise through a "pattern of racketeering activity". Subsection (c) prohibits conducting the affairs of an enterprise through a "pattern of racketeering activity."

Subsection (d), which defines the offense charged in count 1 of the instant indictment, provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b) or (c) of this section." Although the indictment does not specify which subsection defendants are charged with conspiring to violate, the language of the indictment makes it clear it charges a conspiracy to violate subsection (c). That subsection provides in full that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which

affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity ..."

The various RICO substantive offenses are delineated by the definitions contained in section 1961.

A "person" is "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. section 1961(3). Defendants do not challenge the allegations that they are "persons" and thus within the statutory class capable of committing a RICO offense.

An "enterprise" includes "any individual, partnership, corporation, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. section 1961(4). Count 1 of the indictment charges that defendant John Di Gilio was the head of an association referred to in the indictment and in this opinion as the "John Di Gilio Group." Count 1 further charges that the eight defendants and others were members of, employed by and associated with the John Di Gilio Group, and as such were a group of individuals associated in fact and constituting an enterprise within the meaning of section 1961(4). Defendants challenge the sufficiency of the indictment's enterprise allegations.

"Racketeering activity" means any act or offense constituting a crime under various specified state or federal laws. Among those are "any act which is indictable under title 29, United States Code, section 186 (dealing with restrictions on payments and loans to labor organizations)". Defendants do not dispute that the count 1 allegations of payments to and receipt of payments by Donald Carson state violations of section 186 and thus effectively charge racketeering activity.

The most significant definition for the purposes of the present motion is the definition of "pattern of racketeering activity." Section 1961(5) states that a " 'pattern of racketeering activity' requires at least two acts of racketeering activity, one of which occurred after the effective date of [the

RICO Act] and the last of which occurred within two years (excluding any period of imprisonment) after commission of a prior act of racketeering activity." In an attempt to place some rational bounds to the reach of the RICO Act in civil proceedings and with the apparent blessing of the Supreme Court, federal courts have placed a gloss on this statutory definition. Defendants have directed attention to federal cases throughout the United States dealing with the definition of "a pattern of racketeering activity" and urge that, applied to count 1, the law developed in those cases requires that the count be dismissed for failure to charge adequately such a pattern.

This, then, is the statutory framework within which a determination of defendants' motions must be made.

C. *RICO Conspiracy:* Although most of this opinion deals with the elements of a section 1962(c) offense, Count 1 charges a section 1962(d) offense, a conspiracy to violate any of the provisions of subsections (a), (b) or (c) of section 1962. It is to be inferred from the language of count 1 that subsection (c) is the pertinent subsection.

■ The government must establish that each defendant agreed to the substantive subsection (c) RICO offense; that is to say, the government must prove that each defendant agreed to conduct or participate in the conduct of an enterprise's activities through the commission of predicate offenses. Proof merely of agreement to commit the predicate offenses is insufficient. Proof merely to participate in the enterprise is insufficient. *United States v. Riccobene,* 709 F.2d 214 (3d Cir.), *cert. denied,* 464 U.S. 849, 104 S.Ct. 157, 78 L.Ed.2d 145 (1983).

■ The government must establish that defendants agreed that the predicate acts be committed; it need not show that each defendant personally agreed to commit those acts. *United States v. Adams,* 759 F.2d 1099, 1116 (3d Cir.1985), *cert. denied,* 474 U.S. 971, 106 S.Ct. 336, 88 L.Ed.2d 321 (1985). The government need not prove that defendants performed any overt acts (in addition to the RICO predicate offenses)

in furtherance of a conspiracy. *United States v. Local 560 of Intern. Broth.,* etc., 780 F.2d 267, 294 (3d Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 2247, 90 L.Ed.2d 693 (1986.)

Defendants do not contend that the conspiracy allegations of count 1 are deficient.

D. *Statute of Limitations:* Defendants attack the indictment on the ground that it fails to allege on its face that the section 1962(d) conspiracy occurred within or continued into the period not barred by the statute of limitations.

■ The indictment was returned on November 3, 1986. Since the RICO statute of limitations is five years, 18 U.S.C. section 3282, Count 1 need only plead that the conspiracy was ongoing through November 3, 1981. A RICO conspiracy count satisfies the statute of limitations if the conspiracy is "alleged to have continued into the limitations period." *United States v. Coia,* 719 F.2d 1120, 1124, (11th Cir.1983), *cert. denied,* 466 U.S. 973, 104 S.Ct. 2349, 80 L.Ed.2d 822 (1984). Here there are repeated allegations in Count 1 that the conspiracy extended beyond November 3, 1981. For example, the last racketeering acts are alleged to have occurred in September, 1982; the conspiracy's duration is alleged to be to December, 1982; defendants Held, Richman and Friedman are alleged to have made payments to defendant Carson in violation of the Taft-Hartley Act during the period June, 1981 to September, 1982.

Thus, the indictment adequately places the offense charged within the five-year statute of limitations period.

E. *RICO Enterprise:* Defendants assert that the indictment does not adequately allege the existence of an enterprise because it does not describe a structured group which is distinct from the pattern of racketeering.

"A violation of section 1962(c) ... requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima S.P.R.L. v. Imrex Co.,* Inc.,

473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985).

██ For section 1962(c) purposes the person liable for the RICO offense must be associated with a separate enterprise before there can be RICO liability on the part of the person. *B.F. Hirsch v. Enright Refining Company, Inc.*, 751 F.2d 628 (3d Cir.1984). It follows that an enterprise may not be held liable for a section 1962(c) RICO offense. *Petro-Tech, Inc., v. The Western Company of North America*, 824 F.2d 1349 (3d Cir. 1987.) In the present case Count 1 charges that the eight individual defendants were persons for RICO purposes and that the John Di Gilio Group was the enterprise. Thus, the requisite separateness is alleged.

██ Defendants, however, contend that the John Di Gilio Group is not alleged to have had the characteristics required to qualify as an enterprise. It is well established that a completely illegal organization, which the John Di Gilio Group is alleged to be, may be an enterprise for RICO purposes. *United States v. Turkette*, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). However, to prevent every illegal conspiracy from becoming a section 1962 enterprise, certain requirements must be met before an illegal aggregation of persons rises to the eminence of a RICO enterprise. In the Third Circuit the case of *United States v. Riccobene, supra*, sets forth the criteria. To constitute an enterprise there must be (i) evidence of an ongoing organization, formal or informal, (ii) evidence that the various associates functioned as a continuing unit and (iii) the "enterprise" must be shown to have an existence separate and apart from the pattern of racketeering activity in which it engages. Note that there are two separate and apart requirements. The persons charged with a section 1962(c) RICO offense must be separate and apart from the enterprise and the RICO enterprise must be separate and apart from the pattern of racketeering in which it engages.

██ To be an ongoing organization the entity must have a superstructure or framework or group structure for making decisions. There must be a mechanism for controlling or directing affairs on an ongoing basis. To constitute a continuing unit it is not necessary that membership remain static, but the persons who are members at any given time must have a role in furthering the entity's continuing goals. Separateness and apartness are shown if there is "an existence beyond that which is necessary merely to commit each of the acts charged as predicate racketeering offenses" and, further, "[t]he function of overseeing and coordinating the commission of several different predicate offenses and other activities on an ongoing basis is adequate to satisfy the separate existence requirement." 709 F.2d at 224.

The points which defendants make challenging the existence of an enterprise are more appropriately to be raised at the conclusion of the government's case at trial. The indictment at a minimum follows the "enterprise" language of the statute with respect to the charge that defendants conspired in violation of section 1962(d) to commit a section 1962(c) RICO offense. It is unlikely that there is the additional requirement that the indictment allege the "enterprise" embellishments which the federal courts have added to the statutory criteria, cf., *Seville Industrial Machinery v. Southmost Machinery*, 742 F.2d 786 (3d Cir.1984), *cert. denied*, 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985).

██ However, if there is a requirement that the indictment allege the judicially created embellishments to the statute, Count 1 in the present case sufficiently does so. The *Riccobene* criteria of an enterprise are set forth in great detail.

As for the second *Riccobene* criterion— an ongoing organization and continuity— the indictment describes the structure of the Genovese organized crime family, of which the John Di Gilio Group is alleged to be a component. There is a head of the family or boss under whom there are capos. The capos supervise the heads of groups, of whom John Di Gilio is alleged to be one.

In turn, John Di Gilio is alleged to be in charge of the members of his group, and the other seven defendants are alleged to be among the members of that group.

The indictment sets forth a number of purposes of the group, namely controlling the affairs of certain labor unions, extracting illegal payments from businesses which employed persons represented by the union, controlling and influencing the affairs of certain businesses, obtaining financial benefits to which it was not entitled and exercising economic and political control over a geographic area to further its illegal activity. These purposes went far beyond the two kinds of predicate acts which form the basis of the pattern of racketeering charges.

The role of the various defendants are described and the illegal activities, both the predicate acts and other illegal acts, took place over a long period of time. Ample facts are alleged to charge an organized and continuing entity.

Similarly, the facts alleged are sufficient to allege an enterprise the existence of which is separate and apart from the pattern of racketeering activities. The pattern of activity which is alleged consists of payments and receipt of payments in violation of the Taft-Hartley Act. According to the indictment those illegal acts are but a small part of the activity of the John Di Gilio group and are distinctly separate and apart from the enterprise itself.

There is no merit to defendants' contention that Count 1 failed to allege an enterprise.

F. *Pattern of Racketeering Activities:* Defendants' most vigorous attack on Count 1 rests upon their contention that there is a failure to allege a "pattern of racketeering activity." The cornerstone of their argument is *Sedima's* footnote 14, 103 S.Ct. at 3285. Beloved of civil and criminal defense attorneys and of judges seeking to stem the avalanche of civil RICO cases.

Footnote 14 states that while a "pattern" requires at least two acts of racketeering activity, the implication of the statutory language is "that while two acts are necessary, they may not be sufficient." Citing

the pertinent Senate Report and Senator McClelland, sponsor of the Senate bill, the footnote suggests that the Act is not aimed at isolated offenders or offenses. No doubt wisely, the Court did not attempt to articulate a formula which would define for all cases what the plus factors must be. It simply pointed to broad criteria with which to start. It referred to the Senate Report statement that it is "this factor of continuity plus relationship which combine to produce the pattern." It quoted as a source of guidance the definition of "pattern" in another provision of the Organized Crime Control Act, 18 U.S.C. section 3575(e).

"[C]riminal conduct forms a pattern, if it embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events."

■ Three criteria can be derived from the sources to which footnote 14 points. First, to constitute a pattern the acts of racketeering activity must have some relationship to each other which can arise through the same or similar purposes, results, participants, victims or methods of commission, or otherwise. Second, the acts of racketeering activity must continue over a significant period of time. Third, a negative criterion, the acts of racketeering activity, cannot constitute an isolated offense.

The Third Circuit has refrained from defining a RICO pattern, e.g. *United States v. Grayson*, 795 F.2d 278 (3d Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 927, 93 L.Ed.2d 978. However, language in the most recent Third Circuit case on the subject suggests that the above three criteria are consistent with its views. In *Petro-Tech, Inc., supra,* after reviewing the allegations of a civil RICO complaint, the Court stated that the reason it was unnecessary to define a RICO pattern was "[b]ecause the complaint alleges so many related RICO predicate acts ... by so many persons and affecting so many victims over so protracted a period." 824 F.2d at 1351. The factors enumerated by the Court embodied relationship of the

acts, continuity over a period of time and acts constituting more than an isolated event.

Turning to defendants' position in the present case, they state their argument as follows:

"We contend this 'gloss' [imposed by *Sedima* footnote 14] limits the application of the statute to situations in which the multiple acts of racketeering activity are clearly in furtherance of multiple schemes. Because the 'pattern of racketeering activity' alleged in this case consists solely of multiple predicate acts in pursuit of a single scheme, Count 1 must be dismissed." Defendants' brief at p 15.

As alleged in Count 1, the enterprise in which defendants participated engaged in a wide range of illegal acts over a long period of time. However, Count 1 does not rely on that wide range of acts as the predicate offenses constituting the pattern of racketeering activity. Under the heading "Pattern of Racketeering Activity," the indictment alleges that between June, 1981 and September, 1982, each of the defendants agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the John Di Gilio Group through the commission of multiple acts of racketeering in violation of the Taft-Hartley Act. Held, Richman and Friedman, as representatives of UTI, are charged with agreeing to make and actually making multiple payments of money and other things of value to Donald Carson, a union official, in violation of 29 U.S.C. section 186(a)(2) (Taft-Hartley) and 18 U.S.C. section 2 (aiding and abetting). Carson, aided by Di Gilio, Barbato, Gallagher and Sharkey, is accused of receiving multiple payments of money and other things of value from an employer, UTI, in violation of 29 U.S.C. section 186(b)(1) and 18 U.S.C. section 2.

In a sense, this conduct can be viewed as a single scheme, since only one kind of criminal conduct is alleged to constitute the pattern of racketeering activity—payments and receipt of payments in violation of the Taft-Hartley Act. However, the totality of the conduct is totally dissimilar from the garden variety of fraud, such as an instance of a broker defrauding a customer, after which the plaintiff-customer seeks to impose RICO liabilities, citing repeated use of the mails and the telephone as a pattern of racketeering activity. Instead, here there are repeated instances of the underlying crime—extortion of money from an employer by a representative of its employees and receipt of money from the employer by a representative of the employees.

The pattern of racketeering activity charged in Count 1 meets the three criteria referred to above. In the first place, the acts of racketeering activity have the requisite relationship to each other in that there were the same purposes, results, participants, victims and method of commission. In the second place, there was continuity. The illegal acts constituting the pattern of racketeering activity are alleged to have occurred during the period between June, 1981 and September, 1982. Conduct carried on for more than a year has continuity. Finally, the alleged conduct was not an isolated occurrence. Neither multiple schemes carried on at the same time nor a single scheme perpetrated on a number of occasions over an extended period of time can be said to be isolated events for RICO purposes.

Thus, the indictment adequately alleges a pattern of racketeering activity.

G. *Forfeiture:* Count 1 lists a series of assets which are subject to forfeiture pursuant to 18 U.S.C. section 1963 because, it is alleged, they were obtained in violation of 18 U.S.C. section 1962. Defendants assert that, with the exception of assets of Di Gilio, Gallagher and Carson, the indictment does not allege sufficient facts to show that the assets fall within the ambit of section 1963.

18 U.S.C. section 1963 forfeits to the government "any interest ... acquired or maintained" in violation of section 1962 and "any interest in ... or property or contractual right of any kind affording a source of influence over" any enterprise. 18 U.S.C. section 1963(a)(1) and (a)(2). The United States has taken an expansive view of this provision. *Russello v. United States*, 464 U.S. 16, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983);

see also *United States v. Boffa*, 688 F.2d 919 (3d Cir.1982), *cert. denied*, 465 U.S. 1066, 104 S.Ct. 1415, 79 L.Ed.2d 741 (1984).

The indictment alleges that Held, Richman and Friedman each influenced UTI for the benefit of the John Di Gilio Group, that the members of the group who owned and/or were employed by businesses were able to receive financial benefits to which they were not entitled and that UTI also benefited from the enterprise's activities by paying for and receiving labor peace.

 This is sufficient to insulate count 1's forfeiture provisions from dismissal. At trial the government will, of course, have to establish by competent evidence that the assets to which they refer are in fact subject to forfeiture under section 1963.

I have considered and rejected defendants' constitutional arguments, e.g. *United States v. Huber*, 603 F.2d 387 (2d Cir.1979), *cert. denied*, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980).

### Conclusion

Count 1 of the indictment adequately alleges a section 1962(d) RICO conspiracy occurring within the five-year statute of limitations. It further adequately alleges a RICO enterprise and a pattern of racketeering activity. Facts sufficient to warrant the forfeiture of the assets enumerated in the forfeiture paragraphs of Count 1 are alleged. Therefore, defendants' motion to dismiss Count 1 is denied in its entirety. The government is requested to submit an appropriate form of order.