**UNITED STATES of America**

v.

**Jerome J. BOONE and
Frances K. Boone.**

**Crim. No. 88–00120.**

United States District Court,
E.D. Pennsylvania.

Oct. 18, 1988.

J. Alvin Stout, III, Philadelphia, Pa., for the U.S.

Gregory Smith, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before this court is defendants' motion for acquittal or a new trial pursuant to Fed.R.Crim.P. 29(c) and Rule 33 and the government's response thereto. In the motion, defendants allege: (1) insufficient evidence to sustain the conviction; (2) erroneous instructions on materiality and reasonable doubt and a failure of the court to instruct *sua sponte* the jury on the definition of "charitable contribution" and "net earnings"; and, (3) a fatal variance between the indictment and the government's proof at trial.

Defendants Jerome J. Boone and Frances K. Boone were indicted by a federal grand jury sitting for the Eastern District of Pennsylvania on the counts of filing false tax returns and aiding and abetting in the preparation of those returns in violation of 26 U.S.C. Section 7206(1) (1982) and 18 U.S. C. Section 2 (1982). Count I referred to false and fraudulent claims totalling $31,- 718 in charitable contributions in 1981. Count II refers to false and fraudulent claims of $31,657 in charitable contributions in 1982. Count III refers to false and fraudulent claims of $9,479.68 in charitable contributions in 1983. On August 11, 1988, the case went to a jury trial and the jury returned a verdict of not guilty on count I and guilty on counts II and III.

The verdict of a jury must be sustained if there is substantial evidence, viewed in the light most favorable to the government, to uphold the jury's decision. *Burks v. United States*, 437 U.S. 1, 17, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1; *United States v. Leon*, 739 F.2d 885, 890 (3d Cir. 1984). Testimony at the trial revealed that the defendants attempted to deduct cash deposits of their payroll while retaining full use and benefit of this money. Following expert testimony, it became clear that the defendants attempted to deduct these sums with full knowledge that these deductions were invalid. The testimony at trial revealed more than sufficient evidence to support the jury's verdict.

Defendants objected to reference in the instruction to the size of the contribution as material. My instruction referred to the item as a material item as a matter of law if "in a return of this size, [it] was entered falsely and deliberately".[1] This instruction was proper. Materiality of the false statements under 26 U.S.C. § 7206(1) is a question of law to be decided by the court. *United States v. Greenberg*, 735 F.2d 29 (2d Cir.1984); *United States v. Freeman*, 761 F.2d 549 (9th Cir.1985); *United States v. Slawik*, 548 F.2d 75 (3d Cir.1977) (materiality is an essential element of a violation of 18 U.S.C. § 1623 and is decided as a matter of law). I properly found, as a matter of law, that the false

---

1. Record at 22. The instruction more extensively explained the term materiality as follows:
    I tell you as a matter of law, that materiality of, we'll say, the 31 thousand dollar deduction for 50 or 60 thousand dollars worth of income, or even 94 or 95 hundred dollar deduction for 50 or 60 thousand dollars worth of income is material. It is an important fact. That is what material means.

So it was a material fact, but we get back to the same issue again: The Defendant, the defendants, did not believe the return to be true and correct as to every material matter.
    That the Defendant or Defendants falsely subscribed—that is signed—the return, with the specific intent to violate the law. *Id.* at 21–2.

statements were material. The comparison of the defendants' income to the contribution I offered the jury served merely to explain my reasoning to the jury. The issue of materiality remained within the province of the court to decide.

■ Defendants objected to use of the term "substantial" in the reasonable doubt charge. Instructions to the jury are to be taken as a whole and may correctly convey the concept of reasonable doubt despite minor errors. *United States v. Smith,* 468 F.2d 381, 383 (3d Cir.1972); *Holland v. United States,* 348 U.S. 121, 140, 75 S.Ct. 127, 137–38, 99 L.Ed. 150 (1954); *United States v. Moss,* 756 F.2d 329, 333 (4th Cir. 1985); *United States v. Loman,* 551 F.2d 164, 167 (7th Cir.1977); *Darnell v. Swinney,* 823 F.2d 299, 302 (9th Cir.1987). In a case involving a reasonable doubt charge to the jury, Third Circuit Judge Adams stated: "When reviewing a trial judge's charge on reasonable doubt, an appella[te] court will look to the entire instruction rather than isolate its attention on a single phrase or sentence". *Smith,* 468 F.2d at 383. Use of the term "substantial" will not render a reasonable doubt instruction *per se* unconstitutional. *Smith,* 468 F.2d at 383; *Swinney,* 823 F.2d at 302; *Taylor v. Kentucky,* 436 U.S. 478, 488, 98 S.Ct. 1930, 1936, 56 L.Ed.2d 468 (1977); *Smith v. Bordenkircher,* 718 F.2d 1273, 1277 (4th Cir.1983); *United States v. Turk,* 526 F.2d 654, 669 (5th Cir.1976). A single reference to reasonable doubt as "substantial" is insufficient in and of itself to "infect the entire trial as to deprive [defendant] of due process". *Swinney,* 823 F.2d at 302.

My instructions to the jury included only one reference to reasonable doubt as "substantial". The real concern is whether or not the concept of reasonable doubt, on balance, was accurately conveyed. I believe in this instance it was. Throughout the entire instruction, appropriate charges were given regarding burden of proof, the evidence to be considered and the relevant elements of the offenses charged. Indeed, I went beyond what is required by offering a curative reasonable doubt instruction to the jury carefully omitting any use of the

term "substantial". *Smith,* 468 F.2d at 383. A single reference to the term "substantial" followed by ameliorating instructions served to neutralize any negative effects of the "substantial doubt" language. *Bordenkircher,* 718 F.2d at 1277.

■ Defendants argue that it was plain error for the Court not to define "charitable contribution" and "net earnings" in the jury instructions. Yet defendants never sought any specific instruction as to either of those terms. As defendants did not object on these grounds at the time of the trial, the instructions remain proper absent a manifest denial of justice. *United States v. Palmeri,* 630 F.2d 192, 201 (3d Cir.1980), *cert. denied,* 450 U.S. 967, 101 S.Ct. 1484, 67 L.Ed.2d 616 (1981). No such fundamental error resulted in the instant case. Expert testimony presented at trial amply provided the jury with a definition of "charitable contribution". "Net earnings" is not an issue in this case. Therefore, this argument is without merit.

■ Defendants argue that there was a fatal variance between the indictment charging that the amount of the charitable contribution was false and fraudulent and proof offered by the government at trial going to the validity of the contributions. In order for defendants to prevail on this claim they must establish: (1) that there was a variance between the indictment and the proof; and (2) the variance prejudiced some substantial right of the defendants. *United States v. Adams,* 759 F.2d 1099 (3d Cir.1985), *cert. denied,* 474 U.S. 971, 106 S.Ct. 336, 88 L.Ed.2d 321 (1985). Defendants failed to show either a variance or prejudice. The indictment charges defendants with filing false tax returns and aiding and abetting in the preparation of those returns for tax years 1981 to 1983. The proof presented at trial by the government established that defendants took charitable deductions on their tax returns for those relevant years while retaining full use and benefit of the monies claimed as "contributions". Therefore, defendants' motion for

judgment of acquittal or a new trial is denied.