No. 89–1902. PRYBA ET AL. v. UNITED STATES. C. A. 4th Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

One of the questions presented in this case is the nature of the agreement necessary to sustain a conviction under the Racketeer Influenced and Corrupt Organizations (RICO) conspiracy statute, 18 U. S. C. § 1962(d). Section 1962(d) provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c)" of § 1962. Here, petitioners were convicted under that statute for conspiring to violate § 1962(a), which provides in relevant part:

> "It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."

Title 18 U. S. C. § 1961(5) defines the term "pattern of racketeering activity" to require at least two acts of racketeering activity.

The trial court in this case instructed the jury that to convict petitioners of RICO conspiracy, the Government had to prove that "'each defendant agreed to personally commit or aid and abet two or more acts of racketeering in violation of Section 1962(a) *or* that each defendant agreed that *another coconspirator* would commit two or more acts of racketeering in violation of 1962(a).'" 900 F. 2d 748, 760 (CA4 1990) (emphasis added). In affirming petitioners' convictions, the United States Court of Appeals for the Fourth Circuit joined a majority of Courts of Appeals in holding that a conviction for RICO conspiracy does not require that the defendant personally agree to commit two or more predicate acts of racketeering; rather, it is sufficient if the defendant agrees to the commission of the predicate acts by another co-conspirator. See *ibid.*

As the Fourth Circuit acknowledged, *ibid.*, two Courts of Appeals have adopted a contrary view, holding that a RICO conspiracy conviction requires that the defendant have agreed to personally commit two or more predicate acts. See *United States* v. *Ruggiero*, 726 F. 2d 913, 921 (CA2), cert. denied *sub nom. Rabito* v. *United States*, 469 U. S. 831 (1984); *United States* v. *Winter*, 663 F. 2d 1120, 1136 (CA1 1981), cert. denied, 460 U. S. 1011 (1983). I have voted in the past to resolve the conflict among the Courts of Appeals on this issue. See *Adams* v. *United States*, 474 U. S. 971 (1985) (dissenting opinion). As I noted there, if the majority view is correct, "Congress' intent is being frustrated in those circuits which adhere to the narrower view of RICO conspiracy." *Id.*, at 973. On the other hand, if the minority view is correct, "defendants are being exposed to conviction for behavior Congress did not intend to reach under § 1962(d)." *Ibid.* To resolve the conflict, I would grant certiorari, limited to Question 5 presented in the petition for certiorari.