83 F.3d 428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Benjamin ODOMS, Petitioner-Appellant,
v.
Lawrence HATCHER, Warden of Ely State Prison, Nevada,
Respondent-Appellee.
 No. 95-15830.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 16, 1996.*
Decided April 17, 1996.
 
 Before: HUG, Chief Judge, HALL, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoner John Benjamin Odoms appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus. He challenges his convictions for attempted murder with the use of a deadly weapon and burglary for which he now serves two consecutive life terms. His petition requires us to address the following issues: (1) whether the trial court erred in instructing the jury on the elements of attempted murder because the instructions created a mandatory presumption regarding the element of intent; (2) whether the jury instructions of reasonable doubt constituted structural error; (3) whether the state of Nevada's failure to disclose evidence violated due process; and (4) whether the claimed cumulative errors by the trial court require reversal. We have jurisdiction under 28 U.S.C. § 2254, and we affirm.
 
 I. STANDARD OF REVIEW
 
 3
 We review the denial of a habeas corpus petition de novo. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994). "To the extent it is necessary to review findings of fact, the clearly erroneous standard applies." Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 II. INTENT JURY INSTRUCTIONS
 
 4
 Odoms was charged with attempted murder. Nevada defines murder as "the unlawful killing of a human being, with malice aforethought, either express or implied...." Nev.Rev.Stat. § 200.010. In Nevada, attempt is "[a]n act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime." Nev.Rev.Stat. 208.070.
 
 
 5
 Odoms argues that the jury instruction shifted the burden of proof from the prosecution to the defense in violation of the Fourteenth Amendment. The challenged instruction reads: "Malice shall be implied when no considerable provocation appears, or when all the circumstances of the attempted killing show an abandoned and malignant heart." He challenges this instruction because, he claims, the jury could have interpreted it to presume his intent to kill, in violation of Sandstrom v. Montana, 442 U.S. 510 (1979).[1]
 
 
 6
 The showing required of Odoms to obtain federal habeas relief based on an improper jury instruction is well set out in the law. Odoms must establish that the instructions provided so infected the trial that the resulting conviction violates due process. Masoner v. Thurman, 996 F.2d 1003, 1006 (9th Cir.), cert. denied, 114 S.Ct. 643 (1993). " 'It is not sufficient that the jury instruction is erroneous; rather the petitioner must establish that there was a reasonable likelihood that the jury applied the instruction in a way that violated a constitutional right.' " Id. (quoting Carriger v. Lewis, 971 F.2d 329, 334 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1600 (1993)).
 
 
 7
 Odoms's argument fails because the jury instruction did not create a mandatory presumption shifting the burden of proof. It instead created a permissive inference. The instruction allowed the jury to imply malice after finding that Odoms intended to kill without "considerable provocation" or where the circumstances indicated an "abandoned and malignant heart." Contrary to Odoms's contention, the instruction did not require the jury to presume malice in the opposite circumstances: where there is "no considerable provocation" or no showing of an "abandoned and malignant heart." This sort of permissive inference did not shift the burden of proof with regard to intent. United States v. Warren, 25 F.3d 890, 897 (9th Cir.1994). Instead, the prosecution was still required to prove beyond a reasonable doubt all elements of the crime. See In re Winship, 397 U.S. 358, 364 (1970).
 
 III. THE REASONABLE DOUBT JURY INSTRUCTION
 
 8
 Odoms contends that the Nevada reasonable doubt jury instruction violates the Due Process Clause of the Fourteenth Amendment because it is vague and requires the jury to find a "substantial" rather than a "reasonable" doubt. Odoms claims that this instruction permitted the jury to convict him upon "an abiding conviction of the truth of the charge" as opposed to a belief in his guilt beyond a reasonable doubt.
 
 
 9
 Odoms's arguments are, however, without merit. In reviewing jury instructions, we determine " 'whether there is a reasonable likelihood that the jury has applied the challenged jury instruction in a way' that violates the Constitution." Estelle v. McGuire, 502 U.S. 62, 72 (1991) (quoting Boyde v. California, 494 U.S. 370, 380 (1990)). In Darnell v. Swinney, 823 F.2d 299, 302 n. 4 (9th Cir.1987), we upheld an identical challenge to the same Nevada reasonable doubt jury instruction, holding that the challenged language of the statute "did not so infect the entire trial as to deprive [the defendant] of due process." We reach the same conclusion here. The instruction did not create a "reasonable likelihood" that the jury would apply it to convict Odoms upon a showing of less than reasonable doubt.
 
 IV. BRADY VIOLATIONS
 
 10
 Odoms claims that the district court erred when it denied his request for a new trial following the state's failure to comply with ordered discovery. Such denial, Odoms argues, violated his due process rights under Brady v. Maryland, 373 U.S. 83 (1963). This argument is based on the late disclosure of two articles of evidence: (1) incriminating clothing fibers taken from the crime scene first mentioned during the prosecution's opening statement; and (2) a report made by a homicide detective containing exculpatory evidence disclosed during the subsequent examination of witnesses. At trial, Odoms moved for a mistrial, but was instead granted a continuance.
 
 
 11
 While Brady holds that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment," id. at 87, "[t]here is no general constitutional right to discovery in a criminal case, and Brady did not create one." Weatherford v. Bursey, 429 U.S. 545, 559 (1977). The Government is required only to produce such evidence as is requested by the defense, favorable to the defense's case, and material. United States v. Agurs, 427 U.S. 97, 109-110 (1976).
 
 
 12
 Odoms had no right to obtain disclosure of the fiber evidence. It was not exculpatory. The Supreme Court long ago rejected the notion that a defendant's right to material evidence under Brady includes that evidence which is not exculpatory, but which instead serves to incriminate the defendant. Agurs, 427 U.S. at 109. Moreover, the trial court granted him a continuance in order to prepare a response to its introduction. Odoms simply has no claim under Brady with regard to this piece of evidence.
 
 
 13
 Odoms's claim with regard to the detective report is less easily resolved. The detective's report, though arguably impermissible hearsay, was still material to Odoms's defense, and as such should have been disclosed under Brady. The trial court correctly acknowledged this fact. This violation of Brady does not, however, require the remedy requested by Odoms. The court granted a continuance for as much time as needed by the defense to investigate the tardily-disclosed evidence. The court also stated that if the continuance granted did not suffice, "I will give you additional time."
 
 
 14
 Given the fact that Odoms obtained as much time as he deemed adequate to prepare his defense of the previously undisclosed police report, his argument under Kyles v. Whitley necessarily fails. 115 S.Ct. 1555, 1560 (1995). The continuance remedied any prejudice that might have been suffered. Odoms's claim under Brady does not entitle him to habeas relief.
 
 V. CUMULATIVE TRIAL ERROR
 
 15
 Odoms briefly listed six separate alleged claims of error made by the Nevada state district court during his trial. He claims that "[t]he accumulation of constitutional error which occurred ... cannot be justified under any standard of constitutional review." Their cumulative effect, he argues, necessitates reversal. We do not address this contention because these claims were not briefed in this appeal, and as such are not properly before us. Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have explained the holding in Sandstrom as follows: "An instruction violates due process 'if it creates a mandatory presumption, either conclusive or rebuttable, which shifts from the prosecution the burden of proving beyond a reasonable doubt an essential element of a criminal offense.' " United States v. Warren, 25 F.3d 890, 897 (9th Cir.1994) (quoting United States v. Washington, 819 F.2d 221, 225 (9th Cir.1987))